*45 Opinion op the Court,
by Judge Owsley.
THIS writ of error is prosecuted to reverse a decree pronounced by the circuit court of Pulaski, dismissing a bill in chancery exhibited by Hughes, and dissolving an injunction obtained by him against judgments whicli the bank of Somerset had recovered upon notes executed to the bank by Hughes. The equity set up in the biIiis>
1st. That the bank forfeited its charter in commencing its operations as a corporation before the amount of money required by the act of incorporation, was actually received by the commissioners appointed for that purpose.
A parol agreement made by the directors of a bank, is not binding on the corporation.
2d. That the bank, by since' failing to pay its notes according to the act of incorporation, has forfeited, its charter.
3d. That at the time of contracting the debt to the bank, a private agreement was made between Hughes' and the bank, whereby the latter was not to demand payment until the former should receive a return from a shipment of tobacco, which he was about to purchase with the money obtained from the bank, and that the return has not as yet been received, &c.
4th. That Hughes has made various, payments, for which he has received no credit; and that he has various demands against the bank, which he insists upon being set-off against the judgments.
With respect to the first and second ground of equity set up in the bill, we apprehend they afford no sufficient cause for the interposition of a court of equity. Whether the bank went regularly into operation, or has since failed to redeem its paper according to tbeqirovisions of its act of incorporation, are inquiries, which we suppose cannot be drawn in question in the mode adopted by the complainant. The justice of the demand against the complainant, could in no possible way be affected by such inquiries. If the bank has by mismanagement forfeited its charter, the forfeiture should be established by a direct proceeding against the bank for that purpose, and until that is done, no debtor of the bank can be allowed to absolve himself from the payment of his debt, by alleging the fact of forfeiture. The fact of the bank having forfeited its charter by failing to redeem its paper, may, under the act of the legislature of this country, be conceded; but the same act has authorised the bank, by commissioners, who, are made parties to this suit, to collect its debts; so that, admitting the general principle to which we have adverted, not to be applicable to the second ground of equity, it cannot avail the complainant. Nor do we suppose the complainant can be relieved under the third ground of equity relied upon by him. That agreement is not only in conflict with the express stipulation with the complainant to pay at a particular day, but it is a private agreement made by the directory in their private character, and not with the solemnity to be binding upon the corporation. Besides, the notes upon which the judgments at law were obtained, by *47 the bank, were not executed at the time of that agreement; but after a controversy had arisen between the complainant and the bank, a settlement is proved to have been made between the parties, and the notes now in contest were given by the complainant on that settlement, without any agreement other than that expressed in the notes, as to the time of payment.
And the evidence in relation to that settlement, furnishes a decisive refutation of all the payments and sets-off relied on by the complainant in his fourth ground of equity, except two demands, one for $340 and the other for services performed by the complainant for the bank. But as to the claim for services, it is sufficient to remark, that it is predicated upon a parol contract, made between the directors of the bank and the complainant, and such contracts have been heretofore held by this court not to be binding on the corporation.
But the demand of $340 is relied on by the complainant, and the bank admits its correctness and expresses a willingness to allow it to be credited on the judgments. The credit does not, however, appear to have been given, and consequently, as to that amount and interest thereon from the time it was advanced by the complainant to the bank, the injunction should have been made perpetual.
The decree must therefore be reversed with costs, the cause remanded to the court below, and a decree there entered, perpetuating the injunction of the complainant for three hundred and forty dollars, with interest thereon from the time it was received by the bank, and dissolving the injunction with damages, as to the residue of the judgments at law. The complainant must also be decreed to pay costs to the bank in that court.