## LAROQUE & HATCH v. RUSSELL.

1. Under the pleas of failure, and want of consideration, the defendant may prove, that a note sued upon, though absolute in its terms, was given as an indemnity to the plaintiff, against loss as surety, as it is merely proving, upon what consideration the note was given.
2. Proof of the admissions of the plaintiff, that he had paid nothing on account of his suretyship, and did not know whether any thing was due or not, upon the note on which he was surety, does not prove that he cannot be damnified by his suretyship, and that therefore, the indemnity is *functus officii*.
3. Proof relevant to the issue cannot be excluded by the Court.

Error to the Circuit Court of Sumter.

ASSUMPSIT by the defendant, against the plaintiff in error, on a promissory note.

Pleas, non-assumpsit, failure of consideration and want of consideration.

Upon the trial of the cause, the defendants offered to prove, that the plaintiff had admitted, that the note was made by the defendants, to secure the plaintiff, as one of the sureties of Laroque, to the Tombigbee Rail Road Company. That he had not been sued as surety for Laroque, nor had he paid any thing, and did not know whether any thing was legally due on the note, on which he was bound as surety. The Court on motion of the plaintiff, excluded the testimony from the jury, to which the defendants excepted, and which they now assign as error.

GREENE, for the plaintiff in error, contended, that the evidence went to prove a failure of the consideration of the note, and was therefore admissible. That the testimony was relevant, and could not be excluded, because in itself it was not a full defence to the action. He cited 1 Ala. Rep. 357; Id. 41; Ib. 135; Ib. 660.

METCALF and BALDWIN, contra, for defendant in error. The evidence was offered to contradict the note—to prove,

that although absolute in its terms, it was merely intended as an indemnity. [1 Cow. 249; 1 Hill, 116; 4 Id. 584; 4 Litt. 167; 3 Starkie Ev. 1006, 1009; 1 Cowper, 47; 17 Pick. 417; 2 Ala. Rep. 280; 4 Id. 660.]

If it were given as an indemnity, the party to whom it was given may sue upon it. [7 Wend. 499; 8 Cowen, 639; 2 Bay. 145.]

The evidence was not relevant, unless connected with other facts, not shown to exist.

ORMOND, J.—The rule of law invoked by the counsel for the defendant in error, to sustain the decision of the Court in the rejection of the testimony, is the familiar and well known rule, that parol testimony shall not be received to add to, vary, or explain a written agreement.

The instrument in evidence, is, a note of hand, by which the plaintiff in error promised to pay the defendant, at a given time, seven hundred dollars. The evidence offered, is, that the note was executed as an indemnity to the defendant in error, as the surety of Laroque, one of the plaintiffs in error. Now, this is certainly nothing more, than proving upon what consideration the note was given, a point we believe, upon which there is no conflict of authority, or contrariety of decision, where the instrument is not protected from such a scrutiny, by the rules of the law merchant. See the numerous decisions on this head, collected in the 3 vol. Cow. & Hill, 1458, note 976. This privilege has, by statute, been extended to sealed instruments in this State.

If, in addition to the evidence above stated, the defendants had proved, that the liability of the plaintiff as surety for Laroque was at an end, and that he was no longer in danger of being damnified, the defence would have been complete; the indemnity had performed its office, and become *functus officii*. This their counsel insist, was the effect of the additional testimony offered by them, and excluded by the Court. The evidence was in substance, that the plaintiff admitted, that he had not paid any thing on account of his suretyship for Laroque, and did not know whether any thing was legally due or not, upon the note on which he was bound as surety. This is certainly not an admission, that his liability as surety had ceased.

The utmost effect that can be ascribed to it, is, that he had paid nothing as surety, and did not know that he should ever be called upon to pay any thing, which it is evident is perfectly consistent with an existing liability.

It is further insisted, that this testimony was relevant to the issue, and could not therefore, be excluded by the Court, and such is our opinion. The Court could not exclude the testimony, because unaided by other evidence, it would not maintain the issue of failure of the consideration of the note. The evidence offered being pertinent, and relevant to the maintenance of the issue joined, the Court had not the power to exclude it. If no other evidence had been offered, it would have been in the exercise of its legitimate province, in pronouncing upon its insufficiency, in its charge to the jury. See the case of Lester v. The Bank of Mobile, at the present term, where this rule is more fully expounded, and the previous decisions of this Court cited. Let the judgment be reversed, and the cause remanded.