## DUKE vs. THE CAHAWBA NAV. COMPANY.

1. The charter of a corporation cannot be declared void in a collateral proceeding, and evidence of fraud in the procurement of the charter is therefore inadmissible in a suit by the corporation against an individual.
2. The 13th section of the act incorporating the *Cahawba Navigation Company*, which suspends the right to collect toll upon report to the Governor, &c. that the river is not in the condition contemplated by the act, does not, on such report being made, divest the company of its corporate character, nor of its right to sue for and recover toll due to it, prior to the making of the report.
3. It is not indispensable to the right of said company to demand toll, under those sections of the act which authorise its collection upon the Governor's making certificate, &c., that the company should give either actual or constructive notice that such certificate had been obtained.
4. Nor is it imperative on the company to make a personal demand of toll, prior to the institution of a suit for its recovery.

Error to the Circuit Court of Perry. Tried before the Hon. John D. Phelan.

THIS was an action of assumpsit by the defendant against the plaintiff in error, for the recovery of toll on near three hundred bales of cotton, shipped on a flat boat of the plaintiff down that portion of the Cahawba river improved and rendered navigable by the said defendant, under the act of the Legislature incorporating it, &c. The defendant in error having proved the shipment of the cotton, and read the several acts of the Legislature of Alabama pertaining to its incorporation, the acts of Congress assenting thereto, the certificate of the governor, of its right to exact toll and the assessment of toll fixed by the company, the plaintiff offered to prove; 1. That the certificate of the governor had been procured by misrepresentation and fraud: 2. That since the institution of the suit, the governor, upon the report of a Commissioner, &c., had notified the defendant in error, that the river was not in the condition required by the charter, and that it was not authorised to receive toll, until the requirements of the charter were complied with by putting the river in navigable order. The defendant in er-

Duke v. Cahawba Nav. Company.

ror objected to all of this evidence and the court sustained the objection and excluded it from the jury. The court charged the jury in effect, that on the receipt from the governor of the certificate prescribed by the charter, the company had a right to charge toll, without any notice whatever, either actual or constructive, being given to the defendant—also, that it was not necessary, that the company should have demanded the toll of the defendant before the commencement of the suit.

To the rulings and charges of the court, the defendant below excepted and now assigns them severally as error.

A. GRAHAM, for plaintiff:

1. This is a private corporation, and notice before suit brought should have been proved. 4 Ala. Rep. 70, Carlisle v. Cahawba & Marion R. R. Co.

2. Fraud vitiates any act, even the most solemn, as for instance, judgments of courts. Certainly also, official certificates the most ceremonial. 4 Starkie, 586; 5 Kinne, 117.

A. B. MOORE, for the defendant:

1. The court properly refused to permit the defendant to show that the certificate of the governor was fraudulently obtained. The certificate of the commissioners must be taken as true, until the sovereign power interposes. See Selma and Tenn. R. Road Com. v. Tipton, 5 Al. Rep. 806, 807; Tar Riv. Nav. Com. v. Neil, 3 Hawkes Rep. 520; Duke v. Ca. Nav. Com. 10 Ala. Rep. 82.

2. As the corporation had gone into operation, and the right to institute this suit had been acquired before the commissioner declared the river to be out of order, such declaration was properly rejected as testimony in this case. The river might have been in order when the boat went out, and out of order when the examination was made. See Duke v. Ca. Nav. Com. 10 Ala. Rep. 91; Tar River Nav. Company v. Neil, 3 Hawkes, 520.

3. The company were not bound to do any act not imposed by the charter, and as the charter does not require notice to be given of the right of the company to charge toll, they are not bound to give it. See charter, pamphlet Acts, 1827. This is not a private act, but is what is called a public local act. See 1 Blackstone, note 59.

COLLIER, C. J.—By an act of the Legislature of 1827, the plaintiff below is made a body corporate, and provision is made for the subscription of stock and the election of directors, that the enterprise contemplated may be carried out. The 10th, 11th and 12th sections, authorise the directors to make regulations for "the receiving of toll," upon the governor's making the certificate which was given in evidence at the trial; and the 13th section suspends the right "to collect toll" upon a report being made to the governor by a person appointed by him that the river is not in the condition contemplated by the act.

1. The first question arising upon this bill of exceptions is, whether it was allowable to resist a recovery in the present suit by proving that the certificate of the governor was obtained by "misrepresentation and fraud." It is certainly true, that a person sued by an association assuming to be a corporation, may throw upon the plaintiff the burden of proving a corporate existence, yet it is equally clear that a charter cannot be adjudged void in an indirect proceeding. Thus in the President & Co. of the K. & C. Turnp. Road Com. v. McConaby, 16 Serg. & R. Rep. 145, an act of the legislature provided that when six hundred shares had been subscribed, the commissioners should certify that fact to the governor, who should incorporate the subscribers, &c. The certificate was made, and charter granted; whereupon the government subscribed twenty thousand dollars. Three hundred of the shares required to make up the number, were fictitious, subscribed for the purpose of deceiving the governor, and thus procuring the charter. The court said, "if this charter was deceptively obtained—obtained by false representations, it could not in a collateral action, in an action brought by the company to compel the performance of contracts entered into with it, be declared void. But if this had been fraudulently obtained, on which I am not called upon to give any opinion, still until that question had been directly decided, in a proceeding instituted in this court, which alone has jurisdiction, either by *scire facias* to repeal the charter, or declare it forfeited, or by writ of *quo warranto* at the suit of the State, in which the State must be a party, and a party to the judgment for the seizure of the franchise, there is no instance of calling in question the

right of a corporation for the purpose of declaring its charter void, but at the instance and on behalf of the government, and never on the relation of any individual. The State v. Carr, 5 N. Hamp. Rep. 371, lays down the law in equivalent terms; and it is added, " in cases of this kind, it is enough to show that there was a charter under which the corporation was acting, and that it was wholly immaterial whether the coporation had complied with the requisitions of the charter or not. That is a matter to be settled in a suit between the government, which created the corporation and the corporators, and not collaterally in a prosecution by another State against a stranger to the corporation." So in the Tar River Navigation Company v. Neil, 3 Hawkes Rep. 520, it was decided, that where by a charter, commissioners are directed to ascertain the performance of a condition precedent to incorporation, and they declare it though falsely, to have been performed, it shall be deemed true, until the soverign power interposes. A wrong doer sued by the corporation cannot show the falsity of such a declaration. In the Charles River Bridge v. Warren Bridge, 7 Pick. Rep. 344, the Legislature passed an act granting additional privileges to a bridge corporation, and providing, " that in consideration of the privileges so granted the corporation shall relinquish the additional toll on the Lord's day, from and after the passing of this act." It was held, that this relinquishment was a condition subsequent, the non performance of which, was a matter between the government and corporation only, and could not be taken advantage of by a stranger, to invalidate the grant: *Further*, if a corporation obtain an extension of its charter by false and colorable representations to the Legislature, it may be made the ground of a *quo warranto*, but a stranger cannot take advantage of the fraud to deny the validity of such extension. See also S. & T. Rail Road Co. v. Tipton, 5 Ala. Rep. 787, and cases there cited.

The principle decided by the cases we have noticed is too firmly settled, to be now overturned by a judicial decision; they are directly in point and some of them strikingly analogous in their facts. It is abundantly shown by them that in a controversy between a corporation and an individual, the question of fraud in obtaining the charter could not be inquir-

ed into; that this rule applies whether the corporate functions are consummated by a legislative enactment, or there is some condition precedent, which an official act of the governor or some other officer must affirm has been performed. If the State acquiesces in the fraud practised, either upon the legislature or officer to whom the power was delegated to act in the matter, an inquiry will not be made whether a corporation *de facto* is entitled *de jure* to the privilges claimed by it. Such an inquiry can only be made at the instance of the public in a proceeding appropriate, and in which the judgment would be definitive of further controversy upon the point. It was then not permissible to show that the certificate of the governor in the present case was obtained by fraud.

2. The report made to the governor subsequent to the institution of this suit, did not divest the corporate character of the plaintiff, but merely took from it the right to demand toll for the time being. It might sue upon any cause of action which previously accrued in the same manner as if the report had not been made. This is an obvious conclusion, unless the report operated retrospectively, or was sufficiently potent to annul the act of incorporation, or the subsequent proceedings.

3. It was not indispensable to the plaintiff's right to demand toll, that it should have given notice either actually or constructively, that the certificate of the governor had been obtained. The certificate itself was a public act, the evidence of which must have remained in the office of the Secretary of State, and all persons must be supposed to have been cognizant of it. Publication in a newspaper or otherwise was not required by the act of the Legislature, and it is not competent for the courts to add another condition than that imposed as an indispensable prerequite to the right to collect toll.

4. It was not imperative upon the plaintiff to make a personal demand of the defendant, previous to the commencement of the suit. The defendant we have seen, was bound to take notice at his peril, that the certificate of the governor, which entitled the plaintiff to toll, had been furnished; on this the plaintiff's right depended to require compensation of the defendant for the passage of his boat down the river. The failure to pay made the right of action complete, and there was

no more necessity for a request previous to the institution of the action than in any other case in which a debt is sought to be recovered or a duty enforced. It will be seen from the slightest examination, that the case of Carlisle v. The C. & M. Rail Road Co. 4 Ala. Rep. 70, bears no analogy to the present, but is sustained by reasoning and principles that cannot be here applied.

We have but to add that the judgment of the Circuit Court is affirmed.

DARGAN, J.—I dissent from the conclusion attained by the court. I admit that the defendant could not show by proof in a collateral suit, that the plaintiff obtained its charter of incorporation by a fraud on the public, but this, in my opinion, is not the character of the evidence. The defendant does not contest the corporate character of the plaintiff, for it was a body corporate before it had any right to demand toll. The certificate does not make it a corporation, but is the evidence merely of the right of the corporation to demand and receive toll, and I think it is clearly competent for the defendant to show, that this right or title was obtained by fraud. It does not negative the corporate character of the plaintiff, but denies its title to demand the toll, notwithstanding it is a body corporate.