## BILBERRY'S ADM'R *vs.* MOBLEY, USE, &c.

1. Where evidence is *prima facie* irrelevant, it is the duty of the party offering it to show its relevancy, by connecting it with other facts which are proved, or by offering it in connection with facts expected to be proved.

2. It is the duty of the court, to decide the question of the admissibility of evidence at the time it is offered, if objection is then made to it; and although the subsequent proof of facts, upon which its admissibility depended, might cure the error, yet, where such facts do not appear affirmatively from the record, the decision of the court, in admitting the evidence, is not divested of error by instructing the jury that they must disregard it, unless there is other evidence to connect with it and make it admissible.

3. On a trial of the right of property, between the plaintiff in execution and one claiming under a purchase from the defendant, the declaration of the defendant, that the sale was fraudulent, made when he was not in possession of the property, and when the claimant was not present, is *prima facie* inadmissible against the claimant, in the absence of proof connecting him with the fraud.

ERROR to the Circuit Court of Dallas.

Tried before the Hon. E. PICKENS.

This was a trial of the right of property to certain cotton, on which an execution had been levied in favor of the defendant in error against Isam Bilberry, and which was claimed by Henry Bilberry, the intestate of the plaintiff in error. The bill of exceptions recites, that " the plaintiff in execution made out a *prima facie* case, and the claimant defended, and made the issue doubtful by the proof; whereupon, the plaintiff introduced a witness to prove, against said Isam Bilberry, that, after the sale of said Isam Bilberry's interest in the cotton to the said Henry Bilberry, and when said Isam was not in possession of said cotton, witness heard him say that said sale to Henry Bilberry was fraudulent. This declaration was made when said Henry was not present.

The claimant objected to the introduction of this evidence,

but the court admitted it, " as tending to show fraud on the part of said Isam Bilberry only," to which the claimant excepted. The court instructed the jury, that this evidence, "as affecting Henry Bilberry, was to be disregarded, unless he was by other proof connected with the fraud."

The admission of the evidence is now assigned for error.

WATTS, JUDGE & JACKSON, and GAYLE & GAYLE, for plaintiff in error:

1. Isam Bilberry was defendant in execution, and if present, could not have been examined as a witness. See Acts of 1845, p. 136, § 2. If the defendant in execution could not testify, his declarations are inadmissible. It would be an anomaly to exclude a man, (if present,) and admit his declarations, (when absent.)

2. Independent of the statute, his declarations were inadmissible, because he was not in possession of the property when they were made, and Henry Bilberry was not present. See Mobley, use, &c., v. Bilberry, 17 Ala., 428, § 1; McBride and Wife v. Thompson, 8 Ala., 650; and case cited in 17 Ala., 428, supra.

3. The instruction of the court to the jury does not cure the error, or relieve the claimant from injury. It was erroneous, too, because the declarations of Isam, under no circumstances, could be admitted to involve any but himself. If he had said, under a different state of facts, that he intended to commit a fraud, such declaration might have been admissible; but the declaration allowed to go to the jury embraces and involves the claimant in the fraud. The declaration was, " the sale was fraudulent between him and Henry," and implies that Henry participated in it; and that implication was a part of the declaration. Isam was not a party to the suit.

4. The admission of Isam's declarations, and their remaining with the jury, decided the case for the plaintiff. It produced an impression with the jury which no instructions of the court could remove. They should have been excluded, when it was shown that Henry was not present, and Isam not in possession of the cotton. See McCurry v. Hooper, 12 Ala., 823.

5. The declarations of one not in possession are inadmissi-

ble to defeat a title from himself. See Mobley v. Bilberry, 17 Ala., 428, § 1.

A. P. BAGBY, *contra.*

GOLDTHWAITE, J.—The rule has been repeatedly recognized by this court, that, where evidence is *prima facie* irrelevant, the person offering the testimony must show how it could be made relevant, by connecting it with other facts which are proved, or by offering it in connection with other facts expected to be proved. Abney v. Kingsland, 10 Ala., 855, and cases there cited. The evidence set out in the bill of exceptions was *prima facie* irrelevant against the defendant below, unless proof had been made tending to connect the intestate, Henry Bilberry, with the fraud, or unless it was offered in connection with evidence which would have that tendency. Abney v. Kingsland, *supra.*

The question as to the admissibility of evidence is for the court to decide, and, when called upon, it should apply the test at the time at which it is offered, although the subsequent proof of facts, upon which its admissibility depended, might cure the error; but where such facts do not appear affirmatively from the record, the instructions given to the jury, "to disregard such proof, in the absence of other testimony tending to connect the intestate with the fraud," cannot, of itself, divest the decision of the court of error in admitting the evidence. The case of Abney v. Kingsland, *supra*, is clear upon this point; and see also Jones v. Norris, 2 Ala., 526.

In consequence of the error of the court in admitting this evidence, the judgment is reversed, and the cause remanded.