## McCARGO & CORDLE vs. CRUTCHER.

$\begin{vmatrix} 27 & 171 \\ 143 & 528 \end{vmatrix}$

[POINTS OF PRACTICE WHERE INTERROGATORIES ARE FILED UNDER THE STATUTE.]

1. *Motion to suppress answers, when and how made.*—The party filing interrogatories to his adversary has the legal right to move the suppression of the answers, or any part of them, before the commencement of the trial ; and if he wishes to review on error the action of the court on his motion, the proper practice, *it seems*, is to decline to read the answers on the trial.

2. *Refusal of court to decide such motion when made, reversible error.*—If the court, at the time such motion is made, " declines to sustain or overrule said motion, remarking that it would decide on the motion when the facts of the case were developed" ; and the party making the motion excepts to the action of the court, and then declines to read the answers on the trial, he is entitled to a reversal of the judgment obtained against him, if any portion of the answers embraced in the motion contained illegal evidence. (CHILTON, C. J., *dissenting*, held, that it was error without injury, since the court might properly have overruled the motion.

APPEAL from the Circuit Court of Limestone.
Tried before the Hon. GEORGE D. SHORTRIDGE.

ASSUMPSIT by Reuben Crutcher against the appellants, as partners, on a promissory note for $1681 68.   The defendant Cordle, who alone defended the action, filed interrogatories

under the statute to the plaintiff, touching the execution of the note declared on and other matters; and the plaintiff filed his answers thereto within the prescribed time. At the trial term, and before the trial of the cause commenced, the defendant (among other motions) moved the court to suppress the plaintiff's answer to the third interrogatory; " but the court declined to sustain or overrule said motion, remarking that it would decide on the motion when the facts of the case were developed; to which the defendant excepted." All the other motions to suppress were overruled; and the bill of exceptions states, that " after the refusal of the court to suppress the plaintiff's answers, as hereinabove shown, the defendant did not, on the trial of the cause, offer to read said answers as evidence."

The action of the court in thus declining to decide this motion at the time it was made, together with other matters which need not be here stated, is now assigned for error.

ROBINSON & JONES, BRICKELL & CABANISS, and J. W. SHEPHERD, for the appellant.

WM. H. WALKER, contra.

RICE, J.—The court is not bound to admit any illegal evidence, nor is it bound to exclude any legal evidence. These two simple and undeniable propositions explain and reconcile many decisions of this court, which, without examination, may not appear to be founded on sound legal principles. Some of those decisions declare, that when a party moves to introduce evidence, part of which is legal, and part illegal, the court commits no error in overruling the motion.—Smith v. Zaner, 4. Ala. 99; Hiscox v. Hendree, at the present term. Others declare, that when a party moves to exclude evidence, part of which is legal, and part illegal, the court does not err in overruling the motion.—Hrabowski v. Herbert, 4 Ala. 265; Melton v. Troutman, 15 ib. 535. Others declare, that when the plaintiff moves to introduce evidence, part of which is legal, and part illegal; and the defendant moves to exclude it, without distinguishing between the legal and illegal portions, the court, in such case, does not err either in overruling or granting either of said motions.—Gibson v. Hatchett, 24 Ala. 201; Hiscox v. Hendree, at the present term,

McCargo & Cordle v. Crutcher.

In all these cases, the action of the court was sustained upon the solid ground, that it *decided* the question presented by the motion, and, in making its decision, did not deny any legal *right to either party*. In none of the cases has it been held, that the court might lawfully *decline* "to sustain or overrule" any motion of the kind until the facts of the case were developed on the trial before the jury; but on the contrary, it is the settled doctrine in this State, that it is the duty of the court, to decide the question of the relevancy or admissibility of evidence, at the time that question is first properly presented for its decision.—Bilberry v. Mobley, 21 Ala. 277.

When a defendant files interrogatories under the statute to the plaintiff, and answers are filed to them, the defendant has the legal right to move to suppress the answers, or any part of them, before the commencement of the trial; and when such motion is made at the term at which the trial is had, but before the trial begins, it is the duty of the court to decide the motion before the trial is commenced. And where the record shows that such motion was made before the trial, and at the term at which the trial was had, and that "the court *declined* to sustain or overrule said motion, remarking that it would decide on the motion when the facts of the case were developed", and that the defendant excepted, and that the trial immediately afterwards was had, and that the defendant did not on the trial offer to read said answers, and that at least a portion of the answers embraced by the motion was illegal evidence,—the defendant is entitled to a reversal of the judgment obtained against him. Under the facts shown in this record, the court below erred in *declining* "to sustain or overrule" the motion of defendant to suppress the answer of plaintiff to the third interrogatory.—Pritchett v. Munroe, 22 Ala. R. 501; Reese v. Beck, 24 *ib.* 651; Scott v. Baber, 13 *ib.* 182.

Even if it be conceded, that the motion to suppress that answer embraced some legal evidence, as well as some illegal evidence, and that therefore the court would not have committed an error in overruling said motion; yet that does not obviate or cure the error in *declining* either "to sustain or overrule" said motion. If the court had overruled the motion, we cannot say that the defendant would not thereupon have

moved to suppress only that portion of the third answer which is illegal evidence, and have distinctly specified this illegal portion in his motion. It was his *legal right* to have the *decision* of the court upon his motion as made. This *legal right was denied* by the court's declining " to sustain or overrule" the motion ; and the record does not show us clearly, that he was not injured by this denial of his legal right. To withhold a reversal in this case, would be to give our sanction to a practice which is not defensible, and would arm the primary courts with a discretion unsanctioned by law.

When the motion to suppress is one which the court is *bound* to overrule, if it obeys the law,—as when it embraces only illegal evidence,—then the failure of the court to decide such motion, cannot be injurious to the party making it, and is not a reversible error. But when the motion is one which the court may, without error, either grant or overrule, or when it is one which the court is bound to grant, if it regards the law, then if the court *declines* either to grant or overrule it until the facts are developed before the jury, there is error for which there must be a reversal.

For the error above pointed out, without noticing any other question, we reverse the judgment, and remand the cause.

CHILTON, C. J.—In my opinion, the bill of exceptions shows that the appellant sustained no injury by the refusal of the court to exclude the evidence objected to. The appellant must show error which could have worked an injury to him. Here, the cause is reversed, because the court failed to decide upon a motion to exclude evidence, which motion, it is conceded, the court might properly have overruled.