## BIGELOW vs. WARD.

[ACTION ON PROMISSORY NOTES—PLEA OF ACCORD AND SATISFACTION.]

1. *Relevancy of evidence to prove accord and satisfaction.*—In an action on a promissory note, issue being joined on the plea of accord and satisfaction, evidence that plaintiff " had made an agreement with defendant to take a certain town-lot in payment and satisfaction of said note," is the first step towards proving satisfaction, or accord and satisfaction, and is therefore admissible.
2. *General objection to evidence.*—A general objection to evidence, of which a part is legal, may be entirely overruled.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. EDMUND W. PETTUS.

THIS action was brought by Benjamin F. Bigelow against Isaac L. Ward, and was founded on the defendant's three promissory notes, amounting in the aggregate to about $300, and all payable to the plaintiff. The pleas were, the general issue, payment, and accord and satisfaction. On the trial, after the plaintiff had read in evidence the notes sued on, the defendant introduced one Wear as a witness, who testified, " that he had a conversation with the plaintiff, in the fall of 1850, in which plaintiff stated to him, that he had made an agreement with defendant to take a certain town-lot in the town of Van Wert, in the State of Georgia, in payment and satisfaction of said notes now sued on, and that he had received a deed for said lot from one Chisholm, who sold the lot to defendant, but had never made a deed therefor to him. The plaintiff objected to said evidence, on the ground that it

was illegal and irrelevant, and that plaintiff's verbal declarations, admitting that he had received a deed for said town-lot from said Chisholm, were not evidence of a conveyance, unless the witness stated that he had seen the deed ; which, he stated, he had not." The court overruled the objection, and admitted the evidence ; and the plaintiff, having excepted to the ruling of the court, now assigns it as error.

G. C. WHATLEY, for the appellant.

JAMES B. MARTIN, *contra.*

RICE, C. J.—The counsel for the plaintiff is mistaken in supposing that the record presents the question, whether the verbal declarations of the plaintiff were admissible to establish the contents of a deed, the absence of which was not accounted for. Only one objection to evidence appears to have been made in the court below, by the plaintiff. That objection was not merely to the verbal declarations as to the existence or contents of the deed, but to the evidence of the witness Wear as a whole. A part of Wear's evidence was, under the issues in the cause, clearly admissible ; to-wit, that part which shows that the plaintiff " stated to the witness, that he had made an agreement with the defendant to take a certain town-lot, in the town of Van Wert in the State of Georgia, in payment and satisfaction of said notes now sued upon." It was the first step towards proving satisfaction, or accord and satisfaction.—Cuthbert v. Newell, 7 Ala. Rep. 457 ; Laroque v. Russel, *ib.* 798. And it is well settled, that when testimony is objected to as a whole, and part of it is admissible, there is no error in overruling the objection.— McCargo v. Crutcher, 27 Ala. Rep. 171.

Judgment affirmed.