# RIVES *vs.* MONTGOMERY SOUTH PLANK-ROAD COMPANY.

[ASSUMPSIT BY CORPORATION AGAINST DELINQUENT STOCKHOLDER.]

1. *Authority of directors to call in stock.*—Where the charter of an incorporated plank-road company authorized the stockholders to make calls for payment on subscriptions for stock, and to appoint a board of directors, consisting of stockholders, "to manage the business of the corporation,"—*held*, that the stockholders might, by resolution, after the organization of the company, delegate to the board of directors the power to call in stock.

2. *Declarations of directors admissible against corporation.*—In an action against a delinquent subscriber for stock in an incorporated plank-road company, the defendant may prove that, before he subscribed for any stock, the president and one of the directors of the company represented to him that the road would be so located as to run near or through his plantation ; that he thereupon subscribed for stock in the company ; and that the road was not located according to said representations, (WALKER, J., *dissenting*, held that the declarations of its officers were not admissible against the corporation, unless it was first shown that they were made while such officers were engaged in the prosecution of the business of the company, or acted for it in taking the defendant's subscription, and that the company, when accepting the subscription, knew that it was procured by false representations.)

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. NAT. COOK.

THIS action was brought by the appellee, to recover of the defendant the balance due on his subscription for stock in said company. The defendant pleaded the general issue, with leave to give any special matter in evidence. On the trial, the plaintiff offered in evidence the act of its incorporation, (Session Acts 1849–50, p. 227,) the material portions of which are stated in the opinion of the court; and proved its organization pursuant to the terms of the charter, the defendant's subscription of $500 to the capital stock of the company, the several calls for payment of installments on subscriptions for stock, and the defendant's failure to pay. These calls for payments on stock were made by resolution of the board of directors, at meetings held by them as such; and, for the purpose of showing

their authority to make such calls, the plaintiff offered in evidence a resolution, adopted at a general meeting of the stockholders prior to the making of the calls, in these words: "*Resolved*, that the president and directors shall have power, and it shall be their duty, to meet, from time to time, as they may deem expedient; to make such by-laws, rules and regulations as, in their judgment, the affairs of the corporation may require; to appoint such officers, artists and workmen as they shall deem necessary to execute the business of the corporation; to demand, at such time and proportion as they shall see fit, from the respective stockholders, the sums of money due on their respective shares, under pain of forfeiture of all such shares and all previous payments thereon to the corporation; to declare by a by-law in what manner, and under what restrictions, the shares of the capital stock of the company shall be transferrable; and to regulate all such other matters as may seem required by the interest of the company." The defendant objected to the admission as evidence of the resolutions of the board of directors, calling for payment of installments on stock, on the ground that said board of directors had no authority to make such calls, and that the stockholders only had that power; but the court overruled his objection, and he excepted.

The defendant offered to prove, that before he subscribed for any stock in said company, and before its organization under its charter, two of its subscribers for stock, one of whom was afterwards elected president, and the other secretary of the corporation, represented to him that the road would be so located as to pass through his plantation, thereby greatly enhancing the value of his lands; that these representations were repeated by them, after their election to their respective offices, "and thereupon defendant subscribed for five shares of the capital stock of said company;" and that said road, as afterwards located, did not pass within five miles of defendant's plantation. The court excluded this evidence, on the plaintiff's objection; and the defendant excepted.

These rulings of the court are now assigned as error.

WATTS, JUDGE & JACKSON, and GOLDTHWAITE & SEMPLE, for the appellant.—1. The contract of the subscribers for stock is governed by the charter, which, by its second section, confers upon the stockholders, or a majority of them, exclusive power to regulate the time and mode of payment; and there is sound reason for conferring this power upon the stockholders themselves, rather than upon the directors. The provision in the 5th section, authorizing the appointment of a board of directors, after the organization of the company, "to manage the business of the corporation," might, perhaps, be held broad enough to confer this power upon them, if it were not already expressly conferred on other parties. It cannot be said that this power, if given at first to the stockholders, was to be exercised by them only up to the time of the organization of the company, and then to devolve upon the board of directors; because, since the charter itself regulated the first payment, which secured the organization, this provision could only apply to payments to be made subsequent to the organization. The authority to regulate the time and mode of payment, being a personal trust, could not be delegated by the stockholders to the directors, any more than the directors, if it had been conferred on them, could have delegated it to third persons.—Lyon v. Jerome, 26 Wendell, 485; Rex v. Greenwood, 4 D. & R. ; S. C., 2 Barn. & Cress. 602; Percy v. Millaudon, 3 La. 568; Commissioners, &c. v. Bank of Buffalo, 6 Paige's Ch. 497; Tuppetts v. Walker, 4 Mass. 595; Emerson v. Providence Hat Man. Co., 12 Mass. 237; Washington & Pittsburg Turnpike Co. v. Cullen & Crane, 8 Serg. & R. 521; Angell & Ames on Corporations, §§ 277, 278.

2. That the court erred, also, in excluding the evidence offered by the defendant, as to the representations of the president and one of the directors of the company, respecting the intended location of the road, see Munroe v. Pritchett, 16 Ala. 785; S. C., 22 Ala. 501; Atwood's Adm'r v. Wright, 29 Ala. 346; Railroad Co. v. Tipton, 5 Ala. 787; Welland Canal Co. v. Hathaway, 8 Wendell, 483; Corning & Horner v. Southland, 3 Hill, 552; Story on Agency, § 250; 6 Monroe, 248.

ELMORE & YANCEY, *contra.*—1. Independent of any express provision in the charter, the stockholders would have had the power, until the company was regularly organized, to regulate the assessments of stock; and the provision of the second section, if it confers that power upon them as the associates and successors of the persons named, does not enlarge the authority which they would have taken by implication. That provision, it is insisted, is merely directory.—Railroad Co. v. Tipton, 5 Ala. 787; Bates & Hines v. State Bank, 2 Ala. 451. The stockholders might, and did, by resolution delegate this power to the board of directors.—*Ex parte* Wilcocks, 7 Cowen, 402; Commonwealth v. Woelper, 3 Serg. & R. 29; Angell & Ames on Corporations, ch. 4, § 2; *ib.* ch. 10, § 1; 2 Metcalf, 166; Dana v. U. S. Bank, 5 Watts & Serg. 245.

2. If the directors had no authority to make the calls for the stock, yet the company has ratified their acts, and this is sufficient.—Hartford Bank v. Barry, 17 Mass. 97; 3 Sandford's Sup. Ct. R. 175.

3. The declarations of the president and secretary of the corporation were properly excluded. It was not shown that they were the agents of the company to procure subscriptions; nor that they were authorized to make such declarations; nor that the defendant's contract was made with them; nor that his subscription was induced by said representations; nor that the company was informed or notified of their representations. Moreover, such representations were the mere expressions of an opinion as to the location of the proposed road, and did not constitute a fraud.

WALKER, J.—We proceed, first, to consider the question whether the board of directors of the corporation, which is the appellee, had the power to make the calls for the payment of the subscriptions to its capital stock. The first section of the charter of the corporation constitutes Joseph D. Hopper and others, and their associates and successors, a body corporate. The second section enacts, that the capital stock of the company shall be one hundred thousand dollars, and that subscriptions to the same shall

be regulated *"by the parties named in the first section*, or a majority of them, as to the time, place, manner and mode of said subscription, and the time and mode of payment, with full power to regulate the whole matter and declare forfeitures," &c. It is contended, that after the subscription of twenty-five thousand dollars of stock, and the organization under the 5th section of the act, the power of prescribing the times and amounts of the calls on the subscriptions of stock belonged to the stockholders, because that power is conferred by the second section on the parties named in the first, and the parties named in the first are Joseph D. Hopper and others, their associates and *successors ;* and the stockholders are the *"successors."*

We concede this much of the argument, without examining or intending to avouch its correctness, because it cannot influence the decision, if it appears that the directors, who made the calls, had received a legal delegation of the authority conferred upon the stockholders by the second section of the charter. It is not, and cannot be disputed, that the stockholders could invest the directors with the authority to prescribe the times and amount of the calls, if the power to do so is conferred by the charter.

The fifth section says, that whenever twenty-five thousand dollars of the stock shall be subscribed for, the company may be considered as organized, and the stockholders may proceed to elect a board of directors, who shall be owners of stock, *to manage the business* of the corporation. The stockholders elected the board of directors, and, by resolution, authorized them "to demand, at such times and proportion as they might see fit, from the respective stockholders, the sums of money due on their respective shares." Have the stockholders transcended their powers, in thus imposing this duty on the board of directors, as a part of the business of the corporation ? It is clear that the corporation has a right, conferred by the charter, to transact its business through the board of directors. If the making of the calls on the stockholders be a part of the business of the corporation, the stockholders are expressly authorized to delegate their power in that respect to the directory; and the directory, by

virtue of the above named resolution, had a delegation of that authority. To hold that the directors have not such authority, would deny to the language of the charter its natural import, and engraft upon it an exception.—In *Ex parte* Henry Winsor, 3 Story, 411, Judge Story says: "When the corporation itself is pointed out as the proper functionary to execute a discretionary power, it seems to me that the true conclusion is, *in the absence of all other provisions,* that it must be solely exercised by the corporation, at its legal meetings held for that purpose." Without infringing the principle thus laid down, we hold, that the *presence of the provision* in the charter, authorizing the election of a board of directors to manage the business of the corporation, carries the power of delegation to the board of directors.

It is contended for the appellant, that the circuit court erred, in rejecting his proposal to prove that the president of the board of directors and one of the directors, both being stockholders, represented to him, before he subscribed to the capital stock of the company, that the road would receive a location highly favorable to his interests ; which representation was falsified in the actual location subsequently made. Distinct offers were made to prove the declarations of these two persons, before they went into their respective offices of president and director, and afterwards. The admissibility of those made afterwards will be considered, because the argument is stronger for the relevancy of them, than of those made before the declarants attained their respective offices. The bill of exceptions says, "that after the declarants were elected (president and director), they repeated the representations above described to the defendant, before he subscribed for any stock ;" "and that thereupon the defendant subscribed for five shares in the capital stock of the company."

The declarations of the officers of a corporation are not, of themselves, evidence against it, even though they may have an interest in it. The representations made by the president and a director of the corporation are not competent evidence against it, unless they were made in the

prosecution of the business of the corporation, or unless they acted for the corporation in taking the subscription, and the corporation afterwards accepted the subscription, knowing that it was procured by false representations. This position is so fully sustained by the authorities, that the writer of this opinion cites them without comment. Polleys v. Ocean Insurance Company, 14 Maine, (3 Shep.) 141; Fairfield County Turnpike Co. v. Thorp, 13 Conn. 173; Farmer's Bank v. McKee, 2 Barr, 318; Boom v. The City of Utica, 2 Barb. Sup. Ct. R. 104; Frankfort & S. Turnpike Co. v. Churchhill, 6 Mon. 428; Housatonic Bank v. Martin, 1 Met. 294; Hall v. Selma & T. R. R., 6 Ala. 741; Ready & Banks v. Mayor and Aldermen of Tuscaloosa, ib. 336; Angell & Ames on Corp., 249, 521; Ruby v. The Abyssinian Society, 15 Maine, 306.

When evidence offered is *prima-facie* competent and relevant, it must be received, without regard to its sufficiency or insufficiency, its strength or weakness.—King v. Pope, 28 Ala. 601; Jones v. Sterns, ib. 677; Abney v. Kingsland, 10 ib. 355. On the other hand, if testimony is *prima-facie* incompetent, it must be excluded by the court, unless the facts necessary to show its competency be proved, or unless it be offered in connection with those facts, or the announcement of an expectation to prove them.—Bilberry v. Mobley, 21 Ala. 277; Abney v. Kingsland, *supra*; Lawson & Swinney v. The State, 20 Ala. 65. The admissibility of the evidence is a question for the court. The court must decide whether the facts necessary to establish the legality of testimony not *prima-facie* legal exist, though the judge may, if he chooses, take the opinion of the jury upon the preliminary question of fact. Scott v. Coxe, 20 Ala. 296; Abney v. Kingsland, *supra;* Bilberry v. Mobley, *supra.* The court will not intend, for the purpose of reversing a judgment, the existence of the facts necessary to establish the admissibility of testimony. This court will not hold that the circuit court erred in the rejection of such testimony, unless it affirmatively appear that the facts upon which its admissibility depended were shown to the court, or at least proposed to be proved.

Rives v. Montgomery South Plank-Road Co.

It follows as a sequence from what is said above, that it cannot be held that the court below erred in the rejection of the offered evidence, unless the bill of exceptions discloses the facts from which the legality of the evidence would result. It may be conceded, that the facts that the persons who made the representations were officers of the corporation, and that the representations being made the defendant *thereupon* subscribed, feebly *tend* to prove that those persons took the subscription of stock, and were discharging the duties of an agency for the corporation, in obtaining subscriptions to its capital stock, when the representations were made ; but those, the only facts affecting the question, can amount to nothing more than a mere tendency to the establishment of the requisite conclusion. This is not enough. In the case of Coster v. Coxe, 20 Ala., our predecessors said : "It is not sufficient that there may be some evidence tending to prove the preliminary fact : it must be established to the satisfaction of the court by competent proof." In Abney v. Kingsland, *supra*, the court decided that the preliminary fact was not established, notwithstanding there was a strong tendency of the proof to the requisite conclusion. See, also, Hart v. Newland, 3 Hawks' R. 122 ; Weidler v. Farmer's Bank of Lancaster, 11 Serg. & R. 134, 140. There must be proof authorizing a fair presumption of the preliminary fact. If evidence, *per se* illegal, is admitted upon a mere tendency of proof, the question of the legality of the evidence is, in effect, referred to the jury ; yet it is well established, as we have shown by the authorities, that it is a question for the court ; and the admission of the illegal evidence, though it may be afterwards withdrawn, is rebuked as an improper practice.—Florey's Ex'rs v. Florey, 24 Ala. 241.

If the corporation has violated its charter, by making a location of the road in contravention of the provisions of that act, it may become the ground of a direct proceeding against the corporation, but it is no defense to an action for the enforcement of a contract made with the corporation. The authorities are in point and conclusive of the question.—Central Plank-Road Co. v. Clemens, 16 Missouri,

(1 Bennett,) 359 ; Duke v. Cahaba Nav. Co., 16 Ala. 372 ; Selma & Tenn. R. R. v. Tipton, 5 Ala. 787 ; State v. Carr, 5 N. H. 367 ; John v. Farm. & Mech. Bk. of Indiana, 2 Blackford, 367 ; Hughes v. Bk. of Sommerset, 5 Litt. 45 ; Trustees of Vernon Society v. Jesse Hills, 6 Cowen, 23; Charles River Bridge v. Warren Bridge, 7 Mass. 344, 371.

In my opinion, the judgment of the court below ought to be affirmed.

RICE, C. J.—It is well settled, that no one can hold an interest procured for him by the fraud of another, any more than if the fraud were committed by himself.—Atwood's Adm'r v. Wright, 29 Ala. 346 ; Bowers v. Johnson, 10 Smedes & Marsh. 169 ; Huguenin v. Basley, 2 White & Tudor's Leading Cases in Equity, pt. 2, top page 64; 7 Iredell's Eq. Rep. 7 ; 3 ib. 219.

In the present case, the defendant asserts that the subscription of stock by him was procured by the false and fraudulent representations of the president and one of the members of the board of directors of the company; and that, in suing him on this subscription, the company is seeking to recover an interest procured through the fraud of its president and one of its directors. If this assertion of the defendant be true, his defense is complete. He certainly, then, ought to be allowed to prove the truth of his assertion. How can he possibly do so, unless he is permitted to show what that president and director said to him before he subscribed for stock, and that thereupon he did subscribe ? Whether the declarations of the president and director were *the cause*, and the defendant's subscription *the effect*, is a question of fact for the jury. In this point of view, the declarations are facts, the effect of which in procuring the defendant's subscription is a material question in the cause. It is too clear for argument, that no court or fair-minded man can say it is unnatural, or unreasonable, that such declarations of such officers (if made) should induce a man whose property was situated on or near the line of the road held forth by those officers, to subscribe for stock. We cannot doubt that the declarations of those officers, as offered by the defend-

ant, were relevant and admissible. Those declarations certainly throw some light upon one of the material questions in the case; and to exclude them, is to deny, practically, to the defendant the right to prove the very basis on which he rests his defense. Until those declarations are proved, it is impossible to show that they were false, or that they formed an inducement to the defendant to subscribe.

We do not assent to that part of Judge Walker's opinion which relates to the declarations of the president and director as offered in evidence by the defendant. Judge Walker thinks the court below did not err in excluding those declarations. We think otherwise; and, in support of our view, we refer to the following authorities, which vindicate our conclusion, and establish the rule, that before the testimony is closed, evidence relevant to any issue in the cause cannot be excluded by the court.—Laroque v. Hatch, 7 Ala. 798; Smith v. Armistead, *ib.* 698; Cuthbert v. Newell, *ib.* 457; Spears v. Cross, 7 Porter, 437; Wiswall v. Ross, 4 *ib.* 321; Evans v. Bolling, 8 *ib.* 546; McKenzie v. McRae, *ib.* 70.

For the error in excluding those declarations, the judgment is reversed, and the cause remanded.

STONE, J.—I concur with the chief-justice.