# Williams *v.* The State.

*Indictment for Perjury.*

| | |
|---|---|
| 68 | 551 |
| 103 | 69 |
| 68 | 551 |
| 109 | 54 |
| 68 | 551 |
| 134 | 144 |

1. *Indictment for perjury; averment of materiality.*—In an indictment for perjury no special averment of the false oath or evidence is necessary, nor is it necessary to indicate how it was or became material; but, under the statutory forms, a general averment of materiality is sufficient.

2. *Same; statutory forms sufficient.*—The statutory forms for indictments for perjury are sufficient.

3. *Evidence; admissibility of.*—On the trial of an indictment for perjury, the original indictment, and the minute entry of the judgment rendered in the cause, on the trial of which the perjury is charged to have been committed, are admissible evidence, where the trial is had in the same court in which the indictment for perjury was pending, and it is not shown that the final record in that cause had been made up.

4. *Perjury; materiality of false testimony.*—Materiality to the issue is an essential, indispensable element of false testimony, on which an indictment for perjury can be supported; but such testimony need not be immediately material to the issue. It is sufficient, if it has a direct and immediate connection with facts which are material, adding weight to the evidence of such facts.

5. *Same.*—If on the trial of a defendant charged with carrying a pistol concealed about his person, a witness for the State testifies that the defendant did carry such weapon concealed about his person, expressions of hostility to the defendant, and denials of all knowledge of the criminating fact, made by the witness before the trial, constitute material evidence for the defendant, as tending to impair or destroy the weight of the

[Williams v. The State.]

testimony of such witness, and his testimony on the trial to the effect that he had never used such expressions, or made such denials, if wilfully and corruptly false, will support an indictment for perjury.

6.  *Perjury; sufficiency of evidence.*—On the trial of a defendant charged with perjury, the testimony of a single witness is sufficient to prove that the defendant testified as charged in the indictment; but to authorize a conviction, the falsity of such testimony must be proved by two witnesses, or by one witness and corroborating circumstances.

7.  *Charges of the court; general exception to several, when not available.* Where several charges are asked as a whole, and not separately, and a single general exception only is reserved to their refusal,. such refusal can not make them the subject of review, unless all of them embody correct propositions of law, applicable to the facts of the case.

APPEAL from the City Court of Mobile.

Tried before Hon. O. J. SEMMES.

At the February Term, 1882, of said court, the grand jury returned an indictment against the defendant, charging, that, before the finding thereof, she, " on her examination as a witness duly sworn on the trial of one Harmon Rainey in the City Court of Mobile, of said county, under an indictment for carrying a concealed weapon, to-wit: a pistol, which said court had authority to administer such oath, falsely swore that she did not say on the day before the said trial of the said Harmon Rainey, to or in the presence of Clara Godfrey, or Lizzie Washington, or Maria Hamilton, or at any time in their hearing, on Bloodgood. street, between Joachim and Jackson streets, or any where else, that she never saw Harmon Rainey with a pistol, or that she would send him to the coal mines, or that she was going to court and swear against him, or that never, at any time, said in the hearing of all or either of the said three women any thing about Harmon Rainey's case—the matters so sworn to being material, and the testimony of the said Martha Williams being willfully and corruptly false, against the peace and dignity of the State of Alabama." The defendant demurred to the indictment, assigning, among others, the following causes of demurrer : 1. The indictment does not conform to the form prescribed by the Code.  2. The statement of the offense charged is in the disjunctive, and leaves it uncertain what is really intended to be relied on as the accusation.  3. The last disjunctive phrase, to-wit : " or either of the said three women any thing about Harmon Rainey's case," was not material or of such a character as to be the subject of perjury.  4. The matters set forth in the indictment, in reference to which it is alleged the defendant swore falsely and corruptly, were not material to the issue joined on the trial of the case in which it is alleged they were denied by the defendant.  5. The indictment joins in one count allegations of several acts of false swearing. The court overruled the defendant's demurrer, and the cause

[Williams v. The State.]

was tried on the plea of not guilty, the trial resulting in a verdict of guilty, on which the court sentenced the defendant to hard labor for the county of Mobile for two years.

On the trial the State offered in evidence an indictment returned into said court against Harmon Rainey for carrying a pistol concealed about his person, in connection with minutes entries on the records of said court of the finding of the indictment by the grand jury, and of the judgment of the court on the trial thereof, after having proved that Rainey was tried on that indictment. To the introduction of this testimony the defendant objected. The court overruled her objection, and she excepted. " The State then introduced Mr. J. P. Kinney as a witness. The indictment was read to him, and he was asked by the State whether he remembered to have heard Mr. Parker [who seems to have been of counsel on the trial of the Rainey case] ask the defendant on the trial of Harmon Rainey's case, whether she had not said on the day before the said trial of the said Harmon Rainey, to or in the presence of the" women named in the indictment, " or at any time in their hearing, on Bloodgood street, between Joachim and Jackson streets, or anywhere else, that she never saw Harmon Rainey with a pistol, or that she would send him to the coal mines, or that she was going to court and swear against him, or that she never, at any time, said in the hearing of all or either of the said three women any thing about Harmon Rainey's case. The defendant objected to the question ; the court overruled the objection and the defendant excepted. Mr. Kinney then said, that he remembered that such a question, with the exception of the names of the three women mentioned, was asked the defendant. That the names of three women were mentioned, but he did not recollect, whether they were the same as those alluded to in the question prepounded to him or not. He then stated, that the defendant replied to the question, ' she had no conversation with the parties.' The defendant then moved the court to strike out all the testimony of Mr. Kinney. The court refused the motion, and the defendant excepted." The State also introduced one Reiley as a witness, to whom the State propounded this question : " Do you recollect what the testimony was about carrying a pistol." To this question the defendant objected, but the court overruled her objection, and she excepted. The witness then answered : " To the best of my opinion, she did state that a pistol was drawn. I remember something Mr. Parker asked, but it was so long ago that I do not recollect what it was. I can repeat that he had a pistol. I think that she said that he had a pistol and drew it on her." The defendant moved to exclude this testimony

[Williams v. The State.]

from the jury, but the court overruled her motion, and she excepted. The witness further testified : " I do not remember the question of Mr. Parker ; but she swore that she never said to any body that she would send Rainey to' the coal mines." The defendant moved to exclude this testimony, but the court overruled her motion, and she excepted. The bill of exceptions does not purport to set out all the evidence introduced on the trial.

The defendant then asked the court in writing to give to the jury fourteen charges, all of which were refused. An exception was reserved to the rulings of the court on these charges in these words : " The court refused to give them [the charges] and the defendant excepted." The view taken by this court of these charges renders it unnecessary to set them out in the report of the case. On the request of the State in writing, the court gave to the jury the following charges : 1. " The court charges the jury, that the answers of a witness on her cross-examination are material, if they go to her credibility as a witness, and they are of such materiality as will support perjury, if they be false and made under the other circumstances necessary to constitute that offense, as charged by the court." 2. " To prove the evidence of Martha Williams as given in court under oath, the law requires only the same amount of evidence as is equivalent to that of one reliable witness ; but as to the matter of the alleged statements on Bloodgood street, the law requires two witnesses, or one witness and strong corroborating circumstances, to prove its falsity." To the giving of these charges the defendant excepted.

The rulings of the City Court above noted are here assigned as error.

LESLIE B. SHELDEN and W. D. McKINSTRY, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

(No briefs came to the hands of the reporter.)

BRICKELL, C. J.—Perjury committed on the trial of an indictment for felony is visited by the statute with severer punishment than a false oath or affirmation taken in the course of other judicial proceedings.—Code of 1876, §§ 4112–13. The Code prescribes forms of indictment for the offense, the forms differing only in averments designating the character of the proceeding in which the oath was taken,— whether it was on the trial of an indictment for felony, or in some other proceeding. No special averment of the mate-

riality of the false oath or evidence is necessary; nor is it necessary by averments to indicate how it was or became material. A general averment of materiality is sufficient under the statutory forms, and, as in other criminal offenses, the indictment is sufficient, if it pursues the form laid down in the Code.—*Brown v. State*, 47 Ala. 47. It is not true, as is supposed by the appellant's counsel, that the present indictment is in the alternative, charging that the appellant testified to one or the other of several different facts. The averment is that her testimony charged to be false, consisted of a denial that she had made either of several statements to persons named at a specified time and place. The demurrer to the indictment was properly overruled.

2. The indictment in the cause, on the trial of which the perjury is charged to have been committed, and the minute entry of the judgment rendered on the trial, were admissible evidence. If it had appeared the final record had been made up as required by law, that ought probably to have been produced. But it not appearing this record had been made, the original indictment being of the file, and the minute entry of the judgment, of the records of the City Court, they were competent evidence.—1 Brick. Dig. 829, § 349. The other evidence. to the introduction of which exceptions were taken, tended to show the statements made by the appellant as a witness, and is not so variant from the allegations of the indictment, that objections to it ought to have been sustained.

3. The proposition embodied in the first instruction to which exception was taken, is, that a witness giving false answers to questions propounded to him on cross examination with the view of impairing his credit, is guilty of indictable perjury. Materiality to the issue is an essential, indispensable element of false testimony, upon which an indictment for perjury can be supported. The facts falsely sworn to, it is not understood, however, must be immediately material to the issue. If they have a direct and immediate connection with facts material to the issue, adding weight to the evidence of such facts, the element of materiality exists. The statements it is charged the accused made on the day before the trial of Rainey on the indictment for carrying concealed weapons, indicated hostility to him; not only were they indicative of her hostility, a fact effecting her credibility as a witness, but they were in denial of her knowledge of the fact of his carrying concealed weapons. If she testified to the material fact that he had carried concealed weapons, her admission of expressions of hostility to him on the preceding day, and of her denial of all knowledge of the criminating

[Schuessler v. Gains & Nichols.]

fact, would have impaired, if it had not destroyed, the weight of her evidence. There was a direct connection between her evidence going immediately to the issue, and the evidence sought to be elicited from her, as to which she is charged with having testified falsely, affecting her credibility. Questions having no general bearing on the matters in issue become material, when they have relation to the credit of a witness, and false swearing in answer to them is perjury. Roscoe Cr. Ev., § 18; *State v. Strat,* 1 Murph. (N. C.) 124.

4. The other instruction to which an exception was reserved, asserts only the well settled rule, that the testimony of a single witness was sufficient to prove that the appellant testified as charged in the indictment; while to authorize her conviction, the evidence she gave must be disproved by two witnesses, or by one witness and corroborating circumstances. 3 Whart. Cr. Law, §§ 2278-9.

The fourteen instructions requested by the appellant were asked as a whole and not separately, and a single exception reserved to their refusal. Unless all of them embodied correct propositions of law, applicable to the facts of the case, their refusal can not be made the subject of review. They have been examined, and without prolonging this opinion by discussing them separately, it is enough to say, that several of them express with more or less distinctness, a proposition, the converse of that embodied in the instruction of the City Court last referred to, and were for this, if not for other reasons, properly refused. We find no error in the record prejudicial to the accused, and the judgment must be affirmed.