# Hicks *v.* The State.

### *Violating Prohibition Law.*

(Decided December 17, 1914. 66 South. 873.)

1. *Intoxicating Liquors; Evidence.*—Where the witness for the state testified that he purchased whiskey from the defendant in May or June, the testimony of another witness that in August he saw witness purchase liquor from a man, was not admissible in the absence of a showing that the man referred to was the accused.

2. *Appeal and Error; Harmless Error; Evidence.*—The reception of improper evidence is not reversible error where the jury are clearly and unequivocally charged to disregard it, although the practice is not to be commended; but the erroneous admission of testimony from a number of witnesses is not cured by a charge that the court sustained the objections to the testimony, and excluded that objected to, since the charge leaves the jury to decide what evidence was objectionable.

3. *Evidence; Flight or Escape.*—Although the original arrest of defendant was illegal because without a warrant, his effort to escape and to avoid arrest is admissible as tending to show consciousness of guilt.

APPEAL from Marion Circuit Court.

Heard before Hon. C. P. ALMON.

Arthur Hicks was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

E. B. & K. V. FITE, for appellant. Counsel discuss the errors assigned relative to the admission of evidence, but without citation of authority. They insist that the appeal was properly taken, and that rule 44 is without application, but they cite no authority.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. Counsel discuss the matters complained of on the appeal, but without citation of authority.

BROWN, J.—The indictment in this case was returned by a grand jury at the August term, 1912, of the cir-

cuit court of Marion county, charging the defendant
with a violation of the prohibition law. On the trial of
the case, the state offered evidence tending to support
the indictment and to show that the defendant was guil-
ty; the defendant likewise offered evidence tending to
show that he was not guilty. The state's witness Mack
Aycock testified that he was before the grand jury in
August, at the time the indictment was found, and that
on pay day at Brilliant mines in May or June previous
thereto he was at Brilliant, and as he was walking
through the camp some one "hollered," and when they
came up there were three men in the party, one of them
being the defendant, who told witness that "they had
a load of good wildcat whisky," and witness gave him
a dollar and a half for a quart of the whisky; that the
whisky he got was white whisky; and that the transac-
tion occurred in Marion county about 8 o'clock at night
on pay day in May or June, 1912. The witness Turnip-
seed then testified:

"I was with Mack Aycock in August, 1912, when he
got some whisky from a man. I saw the man hand him
the stuff."

Over the objection of the defendant, this witness was
allowed to testify to what the "man" said, and that he
spoke like he was mad, and said something about get-
ting his money back. After this testimony had been
given by the witness over defendant's objection, he made
a motion to exclude it, and the court overruled the mo-
tion. The record shows that the sale testified to by Ay-
cock was in May or June, 1912, and the facts detailed
by this witness occurred in August, and it was not
shown that the "man" referred to by the witness was
the defendant. On this state of the evidence, the court
committed error in the admission of the testimony and
in refusing to exclude it on motion of the defendant.

We cannot assume, in the absence of evidence in the record to that effect, that the transaction testified to by Turnipseed as occurring in August was the same that the witness Aycock had testified to as occurring in May or June, or that the man referred to by Turnipseed in his evidence was the defendant.

After the evidence was closed, the court made the following remark to the jury:

"The court sustains the objection of the defendant to the testimony of Aycock, Tarwater, and Turnipseed, and excludes the testimony as objected to by defendant."

In condemning the practice of admitting all the evidence adduced and then instructing the jury as to its effect, the Supreme Court has said:

'Although the practice of admitting illegal evidence and afterward excluding it is discountenanced from its obvious tendency to work injustice in consequence of the difficulty of eradicating from the minds of the jury the impression which the evidence may have made (*Carlisle v. Hunley,* 15 Ala. 624), yet, as the record shows a clear and unequivocal charge excluding it from the consideration of the jury, however much we may condemn the practice, we cannot, under these circumstances, presume that any injury has been the result of its admission."—*Florey v. Florey,* 24 Ala. 241.

The general remark of the court previously quoted, in our opinion, was not sufficiently specific to render harmless the effect of the admission of this illegal evidence. The defendant, under the circumstances disclosed by the record, was entitled to a specific instruction to the jury pointing out the illegal evidence and excluding it from their consideration, accompanied by an appropriate admonition to the jury that this evidence which the court had excluded should not be considered

[Askew v. The State.]

by them.—*De Graffenried v. Thomas,* 14 Ala. 684; *Florey v. Florey,* 24 Ala. 241; *Thomas v. Henderson,* 27 Ala. 529; *Rives v. Montgomery South Plank Road Co.,* 30 Ala. 99; *Shields & Walker v. Henry & Mott,* 31 Ala. 56; *Wills & Hobbs v. Rand's Adm'rs,* 41 Ala. 200; *Booker v. State,* 76 Ala. 24. The effect of the general statement of the court to the jury in this case imposed on the jury the duty of separating the illegal evidence from the legal evidence, a duty clearly imposed by law upon the court.

There was no error in allowing the witness Tarwater to testify as to the conduct of the defendant when he was arrested and his attempt to escape or avoid arrest, and the fact that the arrest was made without a warrant, assuming the officer had no authority to make the arrest, would not render this evidence inadmissible. The evidence of flight or attempted flight is admitted on the theory that such acts are prompted by a consciousness of guilt and are in the nature of an admission and a circumstance tending to show guilt.—Jones on Evidence (2d Ed.) § 287; *Jackson v. State,* 106 Ala. 12, 17 South. 333.

For the error above pointed out, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.