[McDaniel v. The State.]

# McDaniel *v.* The State.

## *Perjury.*

(Decided May 13, 1915.   Rehearing denied June 3, 1915.
69 South. 351.)

1. *Perjury; Nature.*—One who swears falsely to immaterial or irrelevant matter cannot be convicted of perjury under sections 7541-3, Code 1907.

2. *Same; Indictment.*—Under Form 81, an indictment for perjury which follows the form, is sufficient if it avers that the alleged false testimony was material, although it does not show wherein it was material.

3. *Same; Evidence.*—In a prosecution for burglary it was material for the state to show that defendant was armed and ready to use a pistol at the time he left the scene of the burglary; hence, his false swearing on that point is perjury.

4. *Same.*—Where the circumstances afforded a basis for a reasonable inference that defendant's testimony, if false, was willfully and corruptly so, defendant is not entitled to an affirmative charge on the theory of an absence in the evidence of anything to show wilfulness and corruptness in false swearing.

5. *Same; Evidence; Sufficiency.*—A person cannot be convicted of perjury on the uncorroborated evidence of a single witness.

6. *Same; Jury Question.*—Where defendant took the stand in his own behalf, and there was some corroborating evidence, the question whether there was sufficient corroboration is for the jury, and their determination thereof will not be reviewed.

7. *Same.*—Although defendant was acquitted of the charge of burglary, yet he may be convicted of a perjury in that he swore falsely that he was unarmed when arrested, upon his leaving the house he was accused of burglarizing; the acquittal of burglary not being a finding as to that collateral matter.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM E. FORT.

Joseph A. McDaniel was convicted of perjury, and he appeals. Affirmed.

(This cause was reviewed by the Supreme Court on certiorari to Court of Appeals, and writ denied.  See 193 Ala. 678, 69 South. 351.—Reporter.)

[McDaniel v. The State.]

FRANK S. ANDRESS, for appellant.

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

THOMAS, J.—(1) To constitute perjury at common law and under the statutes of this state, the matter falsely sworn to must be material to the issue or the question in controversy. Irrelevant testimony, although false, cannot be made the basis of a charge of perjury. —Code, §§ 7541, 7543.

(2) The indictment here (following the code form— Code, § 7161, form 81) charges the defendant appellant with perjury, in that he willfully and corruptly swore falsely, as a witness for himself on the trial of himself under a charge of burglary (giving the name of the court in which the trial was had and the oath administered, etc.) "that at the time of his arrest for said offense of burglary by police officer J. T. Moser he [the witness] did not place his hand upon a pistol, that he [the witness] did not have a pistol with him, and that said police officer, J. T. Moser, did not take a pistol from him [the witness] at the time, the matters so sworn to being [it was alleged] material."

The indictment was demurred to on the ground, in substance, that the false and corrupt statements alleged to have been made by the witness in his said testimony given on his said trial for the offense of burglary are not shown in the indictment to have been material to the issue, other than is so shown by the mere general averment therein contained that they were material. This general averment is all that the form, prescribed by law for charging the offense of perjury, requires (Code, § 7161, form 81), which form was, as before said,

followed in this case, and which, it has been repeatedly held, is entirely sufficient.—*Williams v. State,* 68 Ala. 551; *Peterson v. State,* 74 Ala. 34; *Jacobs v. State,* 61 Ala. 448.

(3) If on the trial for perjury the evidence fails to disclose the materiality of the alleged false statements, then of course the defendant would be entitled to the affirmative charge. The evidence here, however, does disclose such materiality. It appears that the police officer, said Moser, mentioned in the indictment as having arrested the defendant for the alleged offense of burglary, arrested him just as he was coming out of the building which he was alleged to have burglarized, and immediately after he had burglarized it. If defendant at that time had a pistol on his person and attempted to use it on the arresting officer, it was entirely competent for the state, on the trial of the defendant for the burglary, to prove that fact as a part of the res gestæ of the burglary. Even if it was not an incriminating circumstance tending to connect the defendant with the commission of the offense, it was certainly a fact so intimately connected in time and place with the main fact as to form part of the res gestæ of the main fact, and material and relevant in determining what punishment should be administered to the defendant, if found guilty of the burglary. The statute (Code, § 7541) fixes, as a punishment for the offense, imprisonment in the penitentiary for not less than 3 nor more than 20 years. Ordinarily, therefore, in determining what punishment a particular defendant who is found guilty of the offense should have, it is material to inquire into the gravity of the particular burglary he has committed. Do the circumstances of the case show it to have been the act of a mere sneak thief, one ready to flee at the slightest

sound or interference, or do they show it to have been the act of a bold and reckless criminal, one armed, ready, prepared, and determined to accomplish his purpose and to get away at all hazards, even at the expense of the lives of those whose rights have been invaded, or of the officers of the law, if the criminal finds it necessary to take either of such lives in order to prevent being apprehended? It seems to us, therefore, that the fact of whether or not the person who committed the burglary was armed at the time and attempted to use the weapon is a material fact, at least in determining his punishment, and permissible to be proved as a part of the res gestæ.

It has been repeatedly held that testimony tending to aggravate or mitigate the damages recoverable in a civil action is material, and that, if willfully and corruptly false, it will constitute perjury.—30 Cyc. 1420, § D. Here the alleged false swearing was in denial of a fact which the evidence for the state tended to establish, and which was admissible to be proved, as seen, as a part of the res gestæ, and which fact, if true, would tend to aggravate and make more serious the crime of burglary charged. Consequently we have no hesitancy in holding that it was material, and that the court did not err in orally so charging, or err in refusing the affirmative charge requested by defendant on this theory.

(4) And since the circumstances, as disclosed by the evidence, under which defendant made the alleged false oath, were such as to afford basis for a reasonable inference by the jury that such oath, if false, was willfully and corruptly so, that is, knowingly and intentionally so with a wrongful purpose to acquire some advantage, and not so accidentally, involuntarily, or by mistake, the court likewise did not err in refusing the af-

firmative charge predicated on the theory of an absence in the evidence of anything to show willfulness and corruptness in the false swearing.—Code, § 7541 et seq.; 6 Words and Phrases, 5305; 22 Am. & Eng. Ency. Law (2d Ed.) 689, 690; 40 Cyc. 939, 940; 10 Cyc. 1368.

(5, 6) And though a person cannot be convicted of perjury on the uncorroborated evidence of a single witness (30 Cyc. 1452; 22 Am. & Eng. Ency. Law [2d Ed.] 694, 695; *Williams Case,* 68 Ala. 551; *Peterson Case,* 74 Ala. 34), yet we are of opinion that the corroborating circumstances here proved were sufficient to require a submission of the case to the jury, the weight of which corroborating evidence was for them to determine (*State v. Miller,* 24 W. Va. 802; *People v. Van Tassel,* 26 App. Div. 445, 50 N. Y. Supp. 53; *State v. Arenswick,* 85 Minn. 19, 88 N. W. 22; *Babcock v. U. S.* [C. C.] 34 Fed. 873; *Waters v. State,* 30 Tex. App. 284, 17 S. W. 411; 22 Am. & Eng. Ency. Law, 695).

Besides the fact that the state's witness was corroborated by another witness in material particulars, it appears that the defendant himself was examined and testified as a witness in his own behalf. This being true, it is impossible for the reviewing court, who did not see the manner and demeanor of the defendant on the stand (which is not and cannot be transcribed on paper), to say that such manner and demeanor did not itself also furnish sufficient corroboration of the state's witness to meet the requirements of the rule established by judicial decision, and exacting a corroboration before a conviction on a charge of perjury.

As appropriate here, we quote approvingly from the Supreme Court of West Virginia in the case of *State v. Miller, supra,* where in dealing with this question, they say: "The rule that to convict of perjury one wit-

[McDaniel v. The State.]

ness and corroborating circumstances are required is obviously founded on the fact that, as the defendant has made his statement, the falsity of which is in issue, under the sancity of an oath, the law raises a legal presumption that it is true, and the defendant at common law not being permitted to testify in his own behalf, this presumption of the truth of the statement and the good character of the defendant continues, until it is removed by evidence, and that the oath of the prosecuting witness is entitled to no more weight than that of the defendant made before the prosecution was instituted, and that therefore no man should, under such circumstances, be convicted of an infamous offense, and to authorize such conviction, the evidence of the prosecuting witness should be corroborated. But when the statute permits the defendant to be sworn before the jury in his own defense, as it does in our state in such case, and he avails himself of the right and is examined as a witness in his own behalf, the reason for the rule is gone and the jury then is the sole judge of the weight to be given to his evidence, and the legal presumption of the truth of his statements previously made is removed, and the manner of the witness in giving his evidence may be sufficient corroboration of the evidence of the prosecuting witness. Like any other case under such circumstances, the jury would be the exclusive judge of the credit to be given to the witnesses, and if they find him guilty, this court could not, on well-settled principles, disturb the verdict. That is this case, and we cannot therefore disturb the verdict."

(7) The other insistence, and the one which presents a new and the most serious question in the case, is that the defendant was entitled to the affimrative charge because the evidence discloses that he was acquitted of

[McDaniel v. The State.]

the offense, burglary, on the trial of which, in testifying, in his own behalf, he is alleged to have committed the perjury with which he is here charged. We are cited in support of this contention, to the following cases, to wit: *U. S. v. Butler* (D. C.) 38 Fed. 498; *Cooper v. Commonwealth of Kentucky,* 106 Ky. 909, 51 S. W. 789, 59 S. W. 524, 45 L. R. A. 216, 90 Am. St. Rep. 275; *Petit v. Commonwealth of Kentucky* (Ky.) 57 S. W. 14. But, even conceding the correctness of the holding in those cases, which we need not and do not determine, but upon which strong doubt has been thrown, not only be the able dissenting opinion in the second named case (*Cooper v. Commonwealth*), but also by the opinion in the case of *State v. Williams,* 60 Kan. 839, 58 Pac. 476, where the authorities are reviewed, and also by cases cited in note 83, p. 1422, of 30 Cyc., we are not of opinion that the question decided in those cases (the cases cited by defendant), where the perjury charged consisted in defendant's swearing to his innocence on the trial of the offense of which he was on that trial acquitted by the jury, is identical with the question here, where the perjury charged consists, not of defendant's swearing to his innocence on the trial of the burglary charge against him, but of his falsely swearing to a collateral fact on that trial, which was material, not as affecting his guilt or innocence, but only material, as hereinbefore pointed out, as bearing on the gravity of the crime, in the event the jury on that trial determined that he was guilty. Certainly, it cannot be said that the jury in the burglary case by acquitting defendant of the charge of burglary adjudicated, not only the truth of his statement that he was not guilty, but also the truth of his statement that at the time of his arrest he did not have a pistol, and did not then place his hand upon his

[Phillips v. The State.]

pistol, etc., falsity in making which latter statements is the charge here made against defendant, and not falsity in making the former statement; that is, the statement of his innocence of the crime. Consequently the authorities cited by defendant's counsel are not in point; but the case of *State v. Williams, supra,* is directly in point, and which we choose to follow upon reasons there fully amplified. See, also, 30 Cyc. 1422, and cases cited in note 83, as well as the dissenting opinion in *Cooper v. Commonwealth, supra; Schaller v. State,* 14 Mo. 502; *People v. Willey,* 2 Park Cr. R. (N. Y.) 19.

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.