# Wills *v.* The State.

### Burglary.

(Decided December 19, 1916. 73 South. 766.)

1. **Burglary; Evidence; Confession.**—In the absence of proof of conspiracy, or of aiding and abetting, the confession made by an alleged participant in the crime after the commission of the crime, and in the absence of defendant on trial was not admissible against defendant for the purpose of showing the corpus delicti, or the guilty participation of defendant in the crime charged.

2. **Evidence; Judicial Knowledge.**—It is a matter of common knowledge as well as judicial cognizance that it is very difficult to eradicate in the minds of the jury injurious impressions made by the admission of illegal evidence.

3. **Appeal and Error; Harmless Error; Curing Error.**—The record examined and it is held that the instructions and the remarks of the solicitor were not sufficiently specific to render harmless the naturally prejudicial effect of the admission of the illegal evidence complained of.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

[Wills v. The State.]

Jim Willis was convicted of burglary and grand larceny and he appeals. Reversed and remanded.

CALLAHAN & HARRIS, for appellant. W. L. MARTIN, Attorney General, and H. G. DAVIS, Assistant Attorney General, for the State.

PELHAM, P. J.—The defendant was convicted under each of three counts of an indictment, the first charging burglary and the other two counts charging grand larceny, the counts charging grand larceny differing in their material allegations only as to the description of the property alleged to have been taken and carried away, and the designation in one of the counts of the larceny to have consisted of taking the articles alleged to have been stolen from the storehouse of one W. T. Ransom, while in the other grand larceny count it is alleged that the goods and money stolen were the personal property of Ransom and were taken and carried away from "a storehouse." The defendant was sentenced to five years' imprisonment in the penitentiary, and prosecutes this appeal from the judgment of conviction.

The defendant was indicted and tried alone, and there was no evidence affording an inference of conspiracy, or of aiding and abetting that could be drawn, other than from the testimony of the state's witness Edgar Grantland. The state, over the duly interposed objections and exceptions of the defendant to the adverse rulings of the court, introduced in evidence on the trial the testimony of the witness Grantland as to two conversations he had had at different times and places with a person named Silas Blevins; each conversation occurring after the alleged burglary and larceny, and neither of them had in the presence or hearing of the defendant. In substance and effect, the witness Grantland testified that, in these conversations with the man Blevins, he confessed that he (Blevins) and the defendant had broken into the store in question and carried away the property alleged to have been stolen. To the questions eliciting this testimony the defendant lodged timely objections, on the ground, among others, that the testimony called for the confession of a coconspirator made after the commission of the crime, and not made in the presence of the other alleged conspirator (the defendant on trial).

At the conclusion of the evidence, and when the arguments were to begin, the court made the following announcement:

"Whereupon, and before the argument of counsel began, the court announced that in view of the proceedings in the case it had changed its mind about allowing the testimony before the jury regarding any statement the witness Blevins made out of the presence of the defendant, and the court then and there instructed the jury that it could not consider any alleged statement made by Blevins connecting this defendant with the alleged crime."

The bill of exceptions also contains the following recital in connection with this matter:

"Later on, and during the argument of the state's counsel, a reference was stated regarding the witness Blevins, who was sworn but not examined. The court immediately stopped the reference and stated to the solicitor that anything this witness is alleged to have said could not be considered by the jury and that the jury should not consider it. The solicitor remarked that he had not understood the court to exclude it, and the court again said it was not evidence."

The law is anciently settled and familiar that, in the absence of proof of conspiracy, or of aiding and abetting, declarations, admissions, and confessions made by one of the participants in a crime in the absence of another participant, after the commission of the crime, are not admissible in evidence against such other participant, or coconspirator, when on trial alone, for the purpose of showing the corpus delicti, or the guilty participation of the defendant on trial in the crime charged against him.

(1, 2) The admission of the evidence of the witness Grantland as to the incriminatory statements, or confessions, of Blevins as to how the store was broken into and entered and the goods taken therefrom by defendant and himself, was undoubtedly erroneous and injurious to the substantial rights of the defendant. The question to be considered is: Did the court, in what it said in an attempt subsequently to exclude this evidence, cure the error and render it noninjurious? Necessarily, to a large extent (as has quite often been held by the courts), each case presenting this question must be decided upon the merits of the particular case under review, rather than on any general rule founded on the course adopted in antecedent cases. It is a settled general rule, nevertheless, that in each case nothing short of a direct and unequivocal charge from the court to the jury to disregard the illegal proof erroneously admitted is sufficient and

likely to erase the impression and cure the error; for it is a matter of general as well as judicial knowledge that it is very difficult to eradicate from the mind of a jury the injurious impressions created by the admission of illegal testimony.

(3) The remarks of the court as they appear in the bill of exceptions, which we have previously quoted in full, are general in their nature in designating and making reference to the illegal evidence to be excluded, and is not such a clear and explicit instruction as to the particular evidence erroneously admitted as would definitely point it out and be calculated to remove the unfavorable and erroneous impression which such evidence was reasonably calculated to have made. The effort to exclude was made some time after the evidence had been submitted to the jury, and was neither clear nor explicit, definite, nor comprehensive, in pointing out the particular evidence to be excluded. The instruction of the court referred to the statement of "the witness Blevins," when, as a matter of fact, Blevins was not examined as a witness. The language used by the court in excluding the evidence is general and indefinite wherein it excluded the statement made by Blevins "connecting this defendant with the alleged crime." This could not be interpreted as excluding, but leaving with the jury, under one construction that could be given to the court's remarks, all of that part of the statement by Blevins as testified to by Grantland not connecting the defendant with the commission of the offense, to wit, that part of the statement going to prove the corpus delicti, or that the burglary and grand larceny had been committed, of which fact, especially as to a burglary having been committed as laid in the indictment, there was but very meager evidence aside from the confession of this fact by Blevins, as narrated by the witness Grantland. In other words, except for this evidence of the corpus delicti on the charge of burglary, the proof may have failed, in the consideration of the jury's estimate of the necessary evidence, to establish that fact beyond a reasonable doubt, and the verdict of guilty under the count charging burglary rests in large part on this illegal proof that was not clearly excluded by the court. It devolves upon the court, in matters of this important nature, to act with great care, and in a manner easily understood by the jury, to definitely, clearly, specifically, and comprehensively exclude the improperly admitted evidence, to remove as far as possible from the minds of the jury the prejudicial effect which the illegally

admitted matter has probably worked. The observation of the court, in its remarks excluding this evidence in referring to the statement excluded as having been made by "the witness Blevins," is anything but clear, when we consider that Blevins was not examined as a witness. The remark probably had reference to the witness Grantland's narration of the incriminating statement made to him by Blevins. It is not, as we have said, clear, and requires the jury to indulge in surmise as to just what was intended by referring to the statement excluded as made by "the witness Blevins." The statement of the court also leaves to the members of the jury to decide on their judgments (which might vary) whether or not all of the testimony of the witness Grantland as to what the man Blevins said should go out and not be considered; or, if not, what part should remain in; and what the court meant by evidence "connecting the defendant with the crime," and whether or not this instruction was intended to also include evidence simply showing the commission of the crime, or Blevins' connection with it, as separated from the defendant's connection—a duty imposed of separating legal from illegal evidence, which is not a matter properly to be submitted to a jury, but one which rests upon the court.

The instruction of the court to the jury, or remarks made to the solicitor, are not, in our opinion, sufficiently clear and specific to point out and render harmless the naturally prejudicial effect of the admission of the illegal evidence. The defendant was entitled to have this evidence, under the conditions shown by the record in this case, excluded with a careful regard to an easy understanding by the jury of the particular evidence excluded. The following authorities will be found to sustain what we have said and the conclusion we have reached in this matter: *Hicks v. State*, 11 Ala. App. 290, and list of cases cited on page 293, 66 South. 873; *Watson v. Adams*, 187 Ala. 490, 65 South. 528. See, also, list of cases collated in *Ala. Iron & Fuel Co. v. Benante*, 11 Ala. App. 644, 66 South. 942.

The rulings on the evidence seem to be free of reversible error, and the charges given and refused show no error; and, as the case must be reversed and the questions presented by these rulings may not arise on another trial, we deem further discussion of the case uncessessary.

Reversed and remanded.