(109 So. 886)

**WOFFORD v. STATE. (7 Div. 128.)**

(Court of Appeals of Alabama. June 29, 1926. Rehearing Denied. Aug. 31, 1926.)

**1. Perjury ⬡21.**

Indictment for perjury in testimony before grand jury, convened under Code 1923, §§ 8670, 8679, *held* not demurrable, in view of section 5160, for failure to allege that it was the grand jury of De Kalb county.

**2. Perjury ⬡21.**

Indictment for perjury in giving testimony before grand jury as to "violating the Prohibition Law" designated violation of criminal statute.

**3. Perjury ⬡34(1).**

To sustain conviction for perjury, there must be two witnesses to corpus delicti, or one witness with strong corroboration.

**4. Perjury ⬡33(1).**

Evidence *held* sufficient to sustain conviction for perjury.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Jim Wofford was convicted of perjury, and he appeals. Affirmed. Certiorari denied by Supreme Court in Wofford v. State, 109 So. 887.

Count 2 of the indictment, upon which the defendant was convicted, is as follows:

"The grand jury of said county further charge that before the finding of this indictment Jim Wofford, on his examination as a witness before the grand jury of said county, at the fall term, 1923, of the circuit court, he, the said Jim Wofford, being duly sworn to testify by A. E. Hawkins, solicitor of the Ninth judicial circuit, who had authority to administer such oath, in a case before the grand jury of the state of Alabama against Troy Lynch for the criminal offense of violating the Prohibition Law, falsely swore that he got some liquor in a fruit jar from Troy Lynch at the barn of Troy Lynch some time in the spring of 1923, the matter so sworn to being material, and the testimony of said Jim Wofford being willfully and corruptly false, against the peace and dignity of the state of Alabama."

These grounds of demurrer were interposed by defendant:

(3) That said count does not sufficiently designate the offense for which Troy Lynch was being investigated, in that the term "violating the Prohibition Law" has no legal significance and may as well mean a violation of the narcotic law as a violation of whisky law, and may as well mean that said Lynch was being investigated for the commission of a felony as a misdemeanor, neither of which is made certain by the use of the term.

(4) Because the offense for which said Troy Lynch is alleged to have been under investigation by said grand jury is not sufficiently set out, in that the term "violating the prohibition law" has no legal definition, and covers a multitude of misdemeanors and some felonies, and, for aught appearing in said indictment, said Lynch may have been under investigation for making whisky or possessing a still.

(5) Because it is alleged in the second count of said indictment that said Troy Lynch was under investigation before "the grand jury of the state of Alabama," and does not state whether it was a grand jury of De Kalb county or some other county in Alabama.

Isbell & Scott, of Ft. Payne, for appellant.

The indictment was subject to the demurrer interposed. Davis v. State, 79 Ala. 20; Cowan v. State, 15 Ala. App. 87, 72 So. 578. There was not sufficient corroborating testimony. Peterson v. State, 74 Ala. 34.

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 231.  [2] Ante, p. 208.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The indictment is sufficient. Code 1923, §§ 5160, 5161. The rulings on evidence were without error. Brown v. State, 20 Ala. App. 178, 101 So. 224.

SAMFORD, J. [1] Under the laws of this state the grand jury is the general inquisitorial body of the county, charged by statute with the duty of inquiring generally into many different governmental agencies, and "to inquire into all indictable offenses committed or triable within the county" not barred by the statute of limitation. Code 1923, c. 311, art. 11, § 8670. One of the modes of inquiry is by the examination of witnesses ore tenus as to whether they know of any violations of the criminal statutes of the state, not barred by lapse of time. The matter alleged in the indictment was material to a general investigation of violations of the criminal statutes, which the grand jury had authority to investigate and to inquire about without being specifically confined to any particular person, time, or place. Code 1923, § 8679. The "substance of the proceedings," therefore, as required by section 5160 of the Code of 1923, is, defendant was examined as a witness before the grand jury of the circuit court of De Kalb county, Ala. The cases cited by appellant were not proceedings before a grand jury. The demurrers were properly overruled.

[2] The use of the phrase "violating the prohibition law" in common parlance designates the violation of a criminal statute.

[3, 4] It is admitted that to sustain a conviction for perjury there must either be two witnesses to the corpus deliciti, or one witness with strong corroboration. In the case at bar there are several witnesses to the sworn statement before the grand jury and the testimony of Troy Lynch to its falseness, corroborated by the sworn admission of defendant on the trial of Troy Lynch. In other words, the defendant testified to one state of facts before the grand jury, and when Troy Lynch was indicted and placed on trial on the charge based upon this defendant's testimony, and defendant was examined in that case as a witness for the state, he testified exactly to the contrary. The defendant had a fair trial and without any prejudicial error.

Let the judgment be affirmed.

Affirmed.