194 So. 689

### CAPPS v. STATE.
### 6 Div. 491.
Court of Appeals of Alabama.

Jan. 9, 1940.

Rehearing Denied Feb. 27, 1940.

Thos. S. Lawson, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

Chas. R. Wiggins and Carl A. Elloitt, both of Jasper, for appellant.

SAMFORD, Judge.

The indictment was in four counts as follows:

"The Grand Jury of said county charge that before the finding of this Indictment Walter Capps, whose name is to the Grand Jury otherwise unknown, on his examination as a witness, duly sworn to testify, on the trial of Hoyt Clark; in the Circuit Court of Walker County, Alabama, under an indictment for forcibly ravishing Gertrude White, a woman, which said court

had authority to administer such oath, falsely swore as follows: 'Back in August of this year I remember an occasion on Thursday night when I went to the picture show at Sipsey and took Miss Gertrude White and Miss Fewell out riding. We picked up the Fewell girl on the way to the show, and we came on up to the picture show and got Miss Gertrude White, Hoyt Reeves and Ellie B. Clark came back to the car with the two girls. We got to Sipsey the next morning about 3:30 or four o'clock. A few days after this alleged assault was committed on this girl I didn't tell Mr. White, the father of Gertrude White, in the presence of Berry Justice that I had been running around with Hoyt Clark and the other boys but I was glad of one thing that was I was at home sleep in bed. I told the jury that Hoyt Clark and Gertrude White didn't go off anywhere that night together. I was with them all the time on the night of this alleged attack from the time we left Sipsey that night until we got back there the next morning. I am sure I was on this trip from the time we left Sipsey until we got back about daylight. None of us drank any whiskey that night.' The matters so sworn to being material, and the testimony of the said Walter Capps being willfully and corruptly false.

"Count 2. The Grand Jury of said County further charge that before the finding of this Indictment: Walter Capps, whose name is to the Grand Jury otherwise unknown, on his examination as a witness, duly sworn to testify, on the trial of Hoyt Clark: in the Circuit Court of Walker County, Alabama, under an indictment for forcibly ravishing Gertrude White, a woman, which said court had authority to administer such oath, falsely swore as follows: 'We picked up the Fewell girl on the way to the show, and we came on up to the picture show and got Miss Gertrude White, Hoyt Reeves and Ellie B. Clark came back to the car with the two girls. I was with them all the time on the night of this alleged attack from the time we left Sipsey that night until we got back there the next morning. I am sure I was on this trip from the time we left Sipsey until we got back about daylight'. The matters so sworn to being material, and the testimony of the said Walter Capps being willfully and corruptly false.

"Count 3. The Grand Jury of said County further charge that before the finding of this Indictment, Walter Capps, whose name is to the Grand Jury otherwise unknown, on his examination as a witness, duly sworn to testify, on the trial of Hoyt Clark; in the Circuit Court of Walker County, Alabama, under an indictment for forcibly ravishing Gertrude White, a woman, which said court had authority to administer such oath, falsely swore as follows: 'I was with them all the time on the night of this alleged attack from the time we left Sipsey that night until we got back there the next morning. I am sure I was on this trip from the time we left Sipsey until we got back about daylight.' The matters so sworn to being material, and the testimony of the said Walter Capps being willfully and corruptly false.

"Count 4. The Grand Jury of said County further charge that before the finding of this Indictment Walter Capps, whose name is to the Grand Jury otherwise unknown, on his examination as a witness, duly sworn to testify on the trial of Hoyt Clark; in the Circuit Court of Walker County, Alabama, under an indictment for forcibly ravishing Gertrude White, a woman, which said court had authority to administer such oath, falsely swore as follows: 'I told the jury that Hoyt Clark and Gertrude White didn't go off anywhere that night together. I was with them all the time on the night of this alleged attack from the time we left Sipsey that night until we got back there the next morning.' The matters so sworn to being material, and the testimony of the said Walter Capps being willfully and corruptly false. Against the peace and dignity of the State of Alabama."

This prosecution was brought under Section 5159 of the Code of 1923 and each count thereof conforms to Form 81, Section 4556 of the Code of 1923; and each of said counts sufficiently charge the offense and are not subject to any of the demurrers interposed, Code of 1923, Sections 5159 and 5160.

■ Where an indictment charges perjury in that the defendant willfully and corruptly swore falsely to certain material facts, it is incumbent upon the State to prove the allegations in the indictment therein laid; and the falsity of the testimony, as to each material allegation, must be established by the testimony of more than one witness or by the testimony of one witness strongly corroborated by circumstances. Wofford v. State, 21 Ala.App.

521, 109 So. 886; Id., 215 Ala. 106, 109 So. 887.

A defendant cannot be convicted of perjury on the uncorroborated evidence of a single witness. McDaniel v. State, 13 Ala.App. 318, 69 So. 351; Id., 193 Ala. 678, 69 So. 1018.

In the instant case there is no sufficient evidence to authorize a conviction under count one of this indictment. There is only one witness to the allegation: "* * * A few days after this alleged assault was committed on this girl I didn't tell Mr. White, the father of Gertrude White, in the presence of Berry Justice that I had been running around with Hoyt Clark and the other boys but I was glad of one thing and that was I was at home sleep in bed." This material allegation in the indictment was testified to by only one witness without corroboration, and would entitle the defendant to the affirmative charge as to this count. However, the affirmative charge as to this count was not requested and no exception to the ruling on the motion for a new trial appears in the bill of exceptions so the question is not before us for consideration.

Motions for new trials may be set out in the record proper, but in order that they may be presented to appellate courts for consideration there must be noted in the bill of exceptions the rulings of the court overruling the motion and a proper exception reserved. This does not appear in this record and, therefore, we cannot consider any questions raised only by the motion for a new trial.

The prosecution in this case grew out of testimony given by the defendant in the trial of Hoyt Clark in the Circuit Court, of Walker County, Alabama, on a charge of rape on the person of one Gertrude White. The issues therefore were: (1) Did the defendant give testimony in said trial as alleged in the various counts of the indictment? (2) Was such testimony willfully and corruptly false? (3) Was the defendant properly sworn in a Court having jurisdiction and with authority to administer the oath? The evidence should have been confined to these issues, and any testimony admitted outside of these issues would be immaterial, irrelevant and illegal. Such testimony, if its admission tended to affect the substantial rights of the defendant, would require a reversal of the cause that he might again be tried free of such errors.

The details of the offense charged in the case of State v. Hoyt Clark, wherein Clark was charged and convicted of rape on the person of Gertrude White, were immaterial in this case, and could only have the effect of prejudicing the jury against a witness who was charged with giving testimony favorable to the defendant in the rape case. A mass of this character of testimony was given during the trial, and admitted over the objections and exceptions of the defendant. This testimony was allowed to remain before the jury during the first day of the trial. On the reconvening of Court, on the second day, the court realized the error in his rulings regarding certain testimony and undertook to eradicate the injury by saying: "I was inclined to agree with the Solicitor that it (the testimony referred to) was competent testimony, but after considering the matter and looking into the question somewhat I have come to the conclusion that it would be improper to admit that testimony for your consideration and where I overruled the objections of the defendant I am reversing my ruling and I am sustaining objections made by defendant to those questions and answers of the witness as to the condition of this young Lady's clothes, and that part you will exclude from your minds and not consider it whatever in the least and I am having the questions read and answers read for the purpose that you can understand just what it was and what I am now excluding from you and saying to you that you must not consider that part of the testimony as testimony in this case and I am sustaining the defendant's objection."

Practically the same statement was made with reference to the testimony of the witness Jessie Fewell. There was a vast amount of testimony from the witness White, Miss White and Miss Fewell, going into the minute details of the crime charged against Clark. Much of this testimony was not objected to but some of it was. Most of it would have been excluded if seasonable objection had been made, and all of it had a tendency to prejudice the jury against this witness. These facts coupled with the specific testimony undertaken to be excluded, after the same had been left with the jury throughout a large part of the trial, emphasizes the importance of the rulings of the court upon this question.

In view of the scope of the inquiry and the emphasis and importance given to the details of the crime charged against Clark, it is our opinion that the trial judge did not, in the subsequent ruling undertaking to exclude that portion of the testimony embraced in his ruling, eradicate the injury done to the defendant in such sort as that he could have before the jury a fair and impartial consideration of his defense.

In Wills v. State, 15 Ala.App. 454, 73 So. 766, 767, it was said: "Necessarily, to a large extent (as has * * * been held by the courts), each case presenting this question must be decided upon the merits of the particular case under review, rather than on any general rule." And it was said by this Court in Stephens v. State, 17 Ala.App. 548, 86 So. 111, 112: "It is a matter of general, as well as judicial, knowledge that it is very difficult to eradicate from the minds of a jury the injurious impressions created by the admission of illegal testimony." Certainly is this so where the tendencies of the testimony on an immaterial issue are so interwoven with the testimony for the State, as to be hard of separation and tending to hold up to the jury during the trial, the defendant as being a man who was undertaking by false testimony, to exonerate a defendant guilty of an assault upon a girl of seventeen years of age.

We recognize the rule that in the trial of cases at Nisi Prius, it frequently becomes necessary in order to get the connection, or to determine whether certain testimony will become material evidence, to allow a witness to testify to matters which subsequently appear to be immaterial and then by promptly withdrawing such testimony remove all possibility of injury. But even this practice has always been regarded with cautious disapproval. Maryland Casualty Co. v. McCallum, 200 Ala. 154, 75 So. 902.

"The burden and obligation to subsequently remove, to wholly neutralize, the prejudicial effect wrought by the admission, over the adversary's seasonable and apt objection, of such illegal matter is upon the party inducing the admission of such illegal matter as evidence in the cause." Watson v. Adams, 187 Ala. 490, 65 So. 528, 530, Ann.Cas. 1916E 565; Davis v. State, 18 Ala.App. 482, 93 So. 269; Green v. State, 96 Ala. 29, 11 So. 478; Cassemus v. State, 16 Ala.App. 61, 75 So. 267.

Reviewing the facts in this case together with the long line of decisions both from this Court and the Supreme Court, we are impressed that the action of the Court in excluding the illegal testimony did not have the effect of removing or eradicating the injury that had been done by the admission of such testimony in connection with the other testimony not objected to, but which had no relevancy in this case.

Realizing that each case of this character must rest upon its own facts, we hold that the error committed by the Court entitled the defendant to a new trial. Booth v. State, 22 Ala.App. 508, 117 So. 492; Pelham v. State, 23 Ala.App. 359, 125 So. 688.

The judgment is reversed and the cause is remanded.

Reversed and remanded.

