510 So.2d 790 (1987)
David Michael McFEE
v.
STATE of Mississippi.
No. 56493.
Supreme Court of Mississippi.
July 22, 1987.
*791 Terry L. Caves, Caves & Caves, Laurel, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Jack B. Lacy, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and SULLIVAN, JJ.
PRATHER, Justice, for the Court:
The weight and legal sufficiency of evidence to sustain a conviction of perjury by contradictory sworn statements is the question raised on this appeal. McFee was convicted of perjury by a jury in the Circuit Court of Jones County, as a recidivist and sentenced to a term of twenty years in the Department of Corrections. McFee appeals complaining that the alleged perjury was not proved by the testimony of two witnesses or of one witness and corroborating circumstances, and that the trial court erred in refusing his motion for directed verdict and judgment notwithstanding the verdict. This Court finds no error and affirms.

I.
David Michael McFee and Eric Fuselier were jointly indicted for the capital murder of Rosie Gunter, with an underlying crime of burglary. While in custody, McFee gave a sworn statement to police which implicated Fuselier in the crime. He subsequently gave a second sworn statement elaborating in more detail the same implicatory facts regarding Fuselier, but exculpatory to himself, claiming his own actions were only accessory after the fact. Upon these two sworn statements, McFee plea bargained and pled guilty to simple murder and received a life sentence.
Subsequently at the capital murder trial of his co-indictee Fuselier, McFee testified *792 materially and substantially different from his two previous sworn statements.
Due to the conflicts between McFee's testimony at Fuselier's trial and McFee's pretrial statements, McFee was charged with the crime of perjury. A jury found McFee guilty and he was sentenced under Miss. Code Ann. § 97-9-61 (1972) as an habitual offender to a term of twenty years.
Was the prosecution's proof sufficient to sustain a conviction for perjury on the testimony of two witnesses or one witness and corroborating circumstances?
The appellant's indictment charged the crime of perjury under Miss. Code Ann. § 97-9-59 (1972) which defined perjury as:
Every person who shall wilfully and corruptly swear, testify, or affirm falsely to any material matter under any oath, affirmation, or declaration legally administered in any matter, cause, or proceeding pending in any court of law or equity, or before any officer thereof, or in any case where an oath or affirmation is required by law or is necessary for the prosecution or defense of any private right or for the ends of public justice, or in any matter or proceeding before any tribunal or officer created by the Constitution or by law, or where any oath may be lawfully required by any judicial, executive, or administrative officer, shall be guilty of perjury, and shall not thereafter be received as a witness to be sworn in any matter or cause whatever, until the judgment against him be reversed.
The form of the indictment is in compliance with the Miss. Uniform Criminal Rules, Circuit Court Rule 2.05 and properly states the requisites of the crime of perjury as set forth in Miss. Code Ann. § 99-7-39.
The State was required to prove beyond a reasonable doubt that the appellant's testimony at Fuselier's trial was false. The general rule is that [a] "statement of accused, directly contradicting that upon which the perjury is assigned, is not sufficient evidence of the falsity of the latter, but other additional extrinsic evidence is necessary to establish its falsity." Williams v. State, 34 Ala.App. 462, 41 So.2d 605, 607 (1949) 48 C.J., Perjury, § 166, p. 900; 41 Am.Jur., Perjury, § 66, p. 36.
It is McFee's argument that, absent witnesses to the rape, burglary, and murder of Rosie Gunter, the State cannot prove when and where he lied. Therefore, he contends he is free from prosecution and conviction for perjury.
McFee supports his defense to this conviction with prior decisions of this Court that required a conviction for perjury be proved by two witnesses or by one witness and corroborating circumstances. Brewer v. State, 233 So.2d 779 (Miss. 1970); Horn v. State, 186 Miss. 455, 191 So. 282 (1939); Tribble v. State, 210 Miss. 604, 50 So.2d 148 (1951); Clanton v. State, 210 Miss. 700, 50 So.2d 567 (1951). Under the "two witness rule", McFee contends the conviction must fail as the contradictory statements of the accused are insufficient proof upon which to base a conviction. 88 A.L.R.2d 852 (1963); 60 Am.Jur.2d Perjury § 63 (1972); 70 C.J.S. Perjury § 76 (1951); Gordon v. State, 158 Miss. 185, 128 So. 769 (1930). McFee asserts there must be proof of the falsity of the statement in addition to the accused's own statements.
However, the general law recognizes that testimony of one witness and corroboration by circumstances is sufficient to meet the two witness rule requirement. Brewer v. State, 233 So.2d 779 (Miss. 1970).
Looking to the State's proof, the witness offered by the State was McFee's own mother, Freddie Marie LeBlanc, who spoke with McFee prior to the Fuselier trial. Her testimony was as follows:
BY THE WITNESS: And when he first walked in, he asked me for a cigarette and I gave him a cigarette, and he said, "Mama, I swear to God, I didn't have nothing to do with killing that old woman." He said, "I didn't know that old lady and I swear to God I didn't have nothing to do with it. If I tell the truth, I am killing Dynamite [Eric Fuselier]."

* * * * * *

*793 BY THE STATE: Go ahead. What did he say he was going to do when he came down here?
BY THE WITNESS: He wasn't sure what he was going to do when he got on the witness stand, but I was sitting in the courtroom when he did get on the witness stand, and he denied telling me that. And my husband was sitting in the room when he told me that.
BY THE STATE: I don't want to put words in your mouth, but when you all were talking to him up there, I believe you said that he said that if he came down here and told the truth that he would be killing Dynamite?

BY THE WITNESS: He would be killing Dynamite. That he would be killing Dynamite.

It is noteworthy that the common law rule that one witness and other corroborating circumstances must be proved to sustain a perjury conviction refers only to proof of the falsity of the accused's statement. Mitchell v. State, 359 So.2d 906 (Fla. 1978). The necessity for corroboration does not extend to proof of the other elements of the crime. United States v. Magin, 280 F.2d 74 (7th Cir.1960); Commonwealth v. Billingsley, 357 Pa. 378, 54 A.2d 705 (1947); 70 C.J.S. Perjury § 70, p. 539.
Clearly, the testimony of McFee's mother satisfies the requirement that one witness testify to the falsity of McFee's testimony at Fuselier's trial. Additionally, the testimony furnished the motive for such false testimony. The reliability of his mother's statements were for the jury to weigh. Her testimony was consistent with the appellant's two prior sworn statements.
In 41 Am.Jur., Perjury, Sec. 69, p. 38, the rule is stated:
"Although proof of a contradictory statement of the accused concerning the matter in issue is not alone sufficient to sustain conviction for perjury, the rule is well established, without a decision to the contrary, that proof that one accused of perjury made statements which conflict with the statement upon which the perjury is founded is sufficient corroboration of a single witness, so as to warrant a conviction. This seems to be true whether or not the contradictory statements proved were under oath, and whether they were spoken or were contained in a writing."
This doctrine was adopted by the Alabama Supreme Court in Wofford v. State, 21 Ala.App. 521, 109 So. 886.
However, this Court holds that when proof of one accused of perjury who made sworn statements which conflict with the sworn statement upon which the perjury is founded, is supported by corroboration of a single witness, such is sufficient to warrant a conviction. This Court requires that both contradictory statements be under oath.
In the case sub judice, the two prior sworn statements together with the testimony of McFee's mother met the requirements of the "two witness rule" sufficient to sustain a conviction.
Under Tribble, supra, this Court held that "[where] the accused has made conflicting sworn statements, one witness to the falsity of the statement with which he is charged is sufficient... ." 50 So.2d 149.
This Court, therefore, holds that the State has met its burden of proof under the quantum of evidence rule. The trial judge, in overruling the defendant's motions for a directed verdict and for judgment notwithstanding the verdict of guilty, acted properly based upon the evidence.

II.
Appellant assigns other trial court action as reversible error. The first was denial of motion for a change of venue for pretrial publicity prejudicial to his case. This Court holds that the record in this case does not evidence prejudicial pretrial publicity so as to deny a fair trial as set forth in Johnson v. State, 476 So.2d 1195 (Miss. 1985) and Fisher v. State, 481 So.2d 203 (Miss. 1985).
The last assignment charges prosecutorial vindictiveness in prosecuting the appellant for perjury after promising appellant that no other prosecutions of him would be lodged if he testified truthfully in *794 the Fuselier trial. It is noted that the plea bargaining on the McFee's capital murder charge was accomplished with a former district attorney. The present district attorney directed that charges of burglary, rape, and grand larceny be lodged against this defendant after investigation of the case. These matters are within the prosecutor's judgment based upon his investigation and discretion. Particularly since there was a change in the district attorney's office, this Court holds that there was no evidence of prosecutorial vindictiveness in this case.

III.
Finding no reversible error, the Court affirms the conviction of this appellant. No error is assigned regarding McFee's sentence to twenty years without probation or parole. Miss. Code Ann. § 97-9-61 prescribes imprisonment for a term not less than ten years for perjury committed on the trial of an indictment for a capital offense or for any other felony.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
DAN M. LEE, J., concurs in result only.