HAWKINS, Presiding Justice,
dissenting:
I respectfully dissent.
That the prosecution deemed this is a weak case is demonstrated by the fact no indictment for rape was sought until McFee committed perjury in the state’s case against Fuselier. See Fuselier v. State, 468 So.2d 45 (Miss.1985). For this perjury he was subsequently indicted, tried and convicted, and his conviction affirmed on appeal to this Court. See: McFee v. State, 510 So.2d 790 (Miss.1987).
McFee is destined to be in the state penitentiary for a very long time, and I doubt whether our affirmance in this case will affect its duration, one way or another.
My concern is whether the state met its burden of proof in this purely circumstantial case of whether McFee raped this victim whom he and Fuselier have been found guilty of murdering.
There is a distinction recognized in law between a case depending on circumstantial evidence for conviction and every other criminal case. In a circumstantial evidence case, the state must not only prove the accused guilty beyond all reasonable doubt, but in addition, “to the exclusion of every other reasonable hypothesis than that of guilt.” If such an instruction is to mean anything, it should be applied in this case.
It is not at all an unreasonable hypothesis, and I do not believe the majority will so contend, that the victim did not have sexual intercourse with anyone.
Nor, do I believe the majority will contend it an unreasonable hypothesis that if she had had intercourse at some time prior to her death it could have been with someone other than McFee. There is absolutely nothing in the record to enlighten us one way or another.
We are not talking about a hypothetical statistical likelihood, we are talking about a reasonable, rational hypothetical alternative.
It may not be statistically likely some individual will be struck by lightning as he prepares to cross a street, yet no one would contend that such an event could not reasonably occur.
The area around this victim’s vagina was bruised. She may or may not have had sexual intercourse. A Caucasian pubic hair was found in the victim’s pubic hair. It could very well have been someone other than McFee’s pubic hair. Since the evidence that McFee raped her does not exclude every reasonable alternative hypothesis, I would reverse. See: Fisher v. State, 481 So.2d 203 (Miss.1985); Billiot v. State, 454 So.2d 445 (Miss.1984); Williams v. State, 445 So.2d 798 (Miss.1984); Tubbs v. State, 402 So.2d 830 (Miss.1981); William *138 son v. State, 229 Miss. 305, 90 So.2d 657 (Miss.1956).
SULLIVAN, J., joins this opinion.